J-S18031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAZEEK CARWHEEL | |
| Appellant | No. 1778 EDA 2014 |

Appeal from the PCRA Order May 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012022-2007

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

JUDGMENT ORDER BY MUNDY, J.:          **FILED MARCH 10, 2015**

Appellant, Razeek Carwheel, appeals *pro se*[1] from the May 22, 2014 order dismissing as untimely, his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On August 19, 2009, Appellant was convicted by a jury *in absentia* of one count each of possession with intent to deliver and criminal conspiracy.[2] On October 2, 2009, the trial court imposed an aggregate sentence of ten to 20 years' imprisonment.  No direct appeal was filed; therefore, Appellant's

_____

[1] The PCRA court appointed counsel for Appellant, who later withdrew pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny.  Appellant does not challenge said withdrawal on appeal.

[2] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903(a)(1), respectively.

judgment of sentence became final on November 2, 2009, when the filing period for a notice of appeal expired.[3]  *See generally* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(c).  Appellant therefore had until November 3, 2010 to timely file a PCRA petition.[4]  As he filed the instant petition on September 6, 2012, it was patently untimely.[5]  Moreover, Appellant's brief does not argue that any enumerated time-bar exception applies.

To the extent that Appellant's argument can be construed as arguing his PCRA petition is timely due to his absence from the proceedings, we reject this argument.  In general, the PCRA time-bar is not subject to any type of equitable tolling.  *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).  Furthermore, our Supreme Court has consistently held that "a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if time for filing has elapsed he may not file; if it has not, he may."  *Commonwealth*

---

[3] We observe that the 30th day fell on Sunday, November 1, 2009.  When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday  … such day shall be omitted from the computation."  1 Pa.C.S.A. § 1908.  Therefore, the filing period expired on Monday, November 2, 2009.

[4] On November 2, 2010, the courts were closed in observation of Election Day.  Therefore, Appellant's PCRA petition was due on November 3, 2010. *See generally* 1 Pa.C.S.A. § 1908.

[5] We note the certified record contains the postmark showing Appellant's PCRA petition was mailed on September 6, 2012.  Therefore, we deem his petition filed on that date pursuant to the prisoner mailbox rule.  *See generally Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted), *appeal denied*, 46 A.3d 715 (Pa. 2012).

***v. Judge***, 797 A.2d 250, 258 (Pa. 2002) (citation omitted); ***accord***

***Commonwealth v. Doty***, 997 A.2d 1184, 1188 (Pa. Super. 2010).

Therefore, Appellant's absence from custody did not toll the PCRA time-bar.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition as untimely filed. Accordingly, the PCRA court's May 22, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/10/2015