J-S70011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEROY LUNDY, | |
| Appellant | No. 1681 EDA 2015 |

Appeal from the Judgment of Sentence April 29, 2015
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0007716-2014

BEFORE: DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 01, 2015**

Appellant, Leroy Lundy, appeals from the judgment of sentence imposed pursuant to his bench conviction of possessing an instrument of crime and simple assault.[1]  Counsel has filed a petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967).  We quash Appellant's appeal and deny counsel's petition as moot.

On January 7, 2015, the Commonwealth filed a criminal information against Appellant charging him with recklessly endangering another person,[2] as well as the aforementioned crimes.  The charges arose from an incident in

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 907(a) and 2701(a)(3), respectively.

[2] 18 Pa.C.S.A. § 2705.

which Appellant pointed a gun at the victim during an argument. On March 11, 2015, a waiver trial commenced against Appellant, but it was adjourned due to the unavailability of a defense witness. Trial resumed on March 13, 2015, and, the same day, the court convicted Appellant of possession of an instrument of crime and simple assault, and ordered the preparation of a presentence investigation report (PSI).

On April 29, 2015, the court sentenced Appellant to an aggregate term of not less than one nor more than two years of incarceration, to be followed by three years' probation. Appellant was deemed ineligible for recidivism risk reduction incentive (RRRI)[3] consideration, and given a credit of fifty-nine days' time-served. At Appellant's request, the court permitted him to remain on bail to complete previously arranged work obligations. As part of his release, the court ordered that Appellant wear a global positioning device, and report to the correctional facility on May 15, 2015. However, on May 4, 2015, the Delaware County Pre-Trial Services and Bail Office advised the court that Appellant had fled to the Virginia Beach, Virginia area. The same day, the court issued a bench warrant for his apprehension.

On May 28, 2015, Appellant's counsel filed a timely notice of appeal and the court ordered Appellant to file a Rule 1925(b) statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On June 17, 2015,

_____

[3] 61 Pa.C.S.A. §§ 4501-4512.

Appellant's counsel filed a timely statement in accordance with Rule 1925(c)(4) in which he informed the trial court that he intended to file an **Anders** brief with this Court, which he did on September 4, 2015. **See** Pa.R.A.P. 1925(c)(4). On June 24, 2015, the trial court issued an opinion. **See** Pa.R.A.P. 1925(a). On November 13, 2015, Appellant returned to the custody of the Delaware County Prison.

The **Anders** brief raises one issue of arguable merit: "Whether the evidence was insufficient to convict [Appellant] of the offenses at issue herein where the evidence was so weak and inconclusive that a reasonable trier of fact would not have been satisfied [sic] of his guilt?" (**Anders** Brief, at 2).

However, because we are compelled to quash this appeal on the basis of Appellant's fugitive status, we are precluded from addressing the merits of Appellant's claim, counsel's **Anders** brief, or counsel's petition to withdraw.[4]

It is well-settled that:

> Guaranteed by article 5, section 9 of the Pennsylvania Constitution, the constitutional right to appeal is a personal right which may be relinquished only through a knowing, voluntary and intelligent waiver. **Commonwealth v. Passaro**, [] 476 A.2d 346, 347 ([(Pa.)] 1984). However . . . a defendant who is a fugitive from justice during the appellate process may forfeit the right to appellate review.

---

[4] However, our quashal herein conclusively disposes of the appeal, and effectively ends counsel's appellate representation.

- 3 -

Our Supreme Court has recognized that "the right to appeal is conditioned upon compliance with the procedures established by [the Pennsylvania Supreme Court], and a defendant who deliberately chooses to bypass the orderly procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences of his decision." *Passaro*, 476 A.2d at 347. In *Passaro*, the defendant escaped from custody after filing his appellate brief, but before the disposition of his appeal. *Id.* at 347-48. On the basis of his fugitive status, a panel of this Court quashed the defendant's appeal. *Id.* at 348. After his capture, the defendant petitioned for reinstatement of his direct appeal rights. *Id.* When this Court denied the defendant's petition, he presented his petition for reinstatement to the Pennsylvania Supreme Court. *Id.*

Notwithstanding the defendant's return to the jurisdiction of the courts, the Supreme Court held that "a defendant who deliberately chooses to bypass the orderly procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences of his decision." *Id.* Thus, "a defendant who elects to escape from custody forfeits his right to appellate review. It would be unseemly to permit a defendant who has rejected the appellate process in favor of escape to resume his appeal merely because his escape proved unsuccessful." *Id.* at 349. On this basis, the Supreme Court denied the defendant's [p]etition to reinstate his direct appeal. *Id.*

\* \* \*

Judicial interpretations of *Passaro* and its effect upon a fugitive's appeal rights led the Supreme Court to modify its holding. In *Commonwealth v. Deemer*, [] 705 A.2d 827, 829 ([(Pa.)] 1997), the Supreme Court set forth the following analysis to be employed by Pennsylvania courts in determining a fugitive's appeal rights:

> If [the defendant] became a fugitive between post-trial motions and an appeal and he returns before the time for appeal has expired and files an appeal, he should be allowed to appeal. If he returns after the time for filing an appeal has elapsed, his request to file an appeal should be denied. If he becomes a fugitive after an appeal has been filed, his appeal should be decided and any

- 4 -

fugitive status should be addressed separately. In short, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if time for filing has elapsed, he may not file; if it has not, he may.

*Id*. at 829. . . .

**On direct appeal, therefore, a defendant's status during the 30-day appeal period controls whether an appellate court will hear his appeal.** . . .

*Commonwealth v. Doty*, 997 A.2d 1184, 1186-88 (Pa. Super. 2001) (most quotation marks, most citations, and footnotes omitted) (original emphasis omitted; some emphasis added).[5]

In *Doty*, the appellant's counsel filed a timely notice of appeal although appellant remained a fugitive during the thirty-day appeal period. *See id.* at 1186. This Court found that "[t]he fact that [appellant's] counsel filed a [n]otice of appeal during the appeal period is of no moment. [Appellant] could not resurrect his appellate rights **because he failed to return to the court's jurisdiction prior to the expiration of the appeal period**." *Id.* at 1189 (citations omitted) (emphasis added). The Court concluded that appellant's challenges were forfeited because of his

---

[5] The *Doty* Court also observed the difference between waiver and forfeiture: "Waiver is an intentional and voluntary relinquishment of a known right. By contrast, forfeiture . . . does not require that the defendant intend to relinquish a right, but rather may be the result of the defendant's extremely serious misconduct or extremely dilatory conduct." *Doty*, *supra* at 1189 (citations and internal quotation marks omitted).

"extremely serious misconduct during his direct appeal." ***Id.*** (citation and internal quotation marks omitted).

Likewise, here, Appellant fled the jurisdiction within days of the court's imposition of his judgment of sentence. (***See*** Trial Court Opinion, 6/24/15, at 3). Counsel filed a timely notice of appeal on his behalf, but this is of no moment where Appellant returned to the jurisdiction well-beyond the thirty-day appeal period, which expired on May 28, 2015. ***See*** Pa.R.A.P. 903(a); ***Doty***, ***supra*** at 1189. Therefore, Appellant has "forfeited his right to appellate review of all claims raised in the instant appeal[.]" ***Doty***, ***supra*** at 1189.

Appellant's appeal is quashed. ***See Doty***, ***supra*** at 1189 (quashing appeal where appellant fled jurisdiction and remained a fugitive during the appeal period, thereby forfeiting his right to appellate review); ***see also Commonwealth v. Hunter***, 952 A.2d 1177, 1178 (Pa. Super. 2008) (quashing where appellant not entitled to pursue appeal because he remained a fugitive from time of scheduled sentencing until after counsel had filed appeal and by the time he was apprehended appeal deadline had passed).

Appeal quashed. Counsel's petition to withdraw denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/1/2015</u>