J-S06019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RUSSELL R. REHRIG | |
| Appellant | No. 894 MDA 2015 |

Appeal from the PCRA Order May 5, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000108-2006
CP-54-CR-0000109-2006
CP-54-CR-0000110-2006

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MUNDY, J.:                    **FILED MARCH 22, 2016**

Appellant, Russell R. Rehrig, appeals from the May 5, 2015 order, dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

We recount the procedural circumstances of this case as follows.  On August 26, 2005, Appellant was charged in three criminal complaints with numerous offenses, stemming from allegations of his sexual abuse of three minor children.  On March 17, 2006, the Commonwealth, pursuant to Pennsylvania Rule of Criminal Procedure 582, served notice of consolidation of the three cases for trial.  The matter proceeded to jury selection on August 29, 2007.  A jury was empaneled for trial, which was scheduled to

*Former Justice specially assigned to the Superior Court.

commence September 3, 2007. Appellant failed to appear for trial, and he was tried *in abstentia* on September 4, 2007. The jury found Appellant guilty of multiple offenses at all three consolidated cases.[1] In consequence of his continued absence, the trial court sentenced Appellant *in abstentia* on January 2, 2008. The trial court imposed an aggregate sentence of 42 to 84 years' incarceration. No post-sentence motion or direct appeal was filed.

Appellant was apprehended in September 2008. Appellant, represented by trial counsel, appeared before the trial court on September 11, 2008 to answer the bench warrant. Based, *inter alia*, on Appellant's admissions, the trial court determined Appellant's absence from his trial and sentencing was willful and voluntary. N.T., 9/11/08, at 6-7. The trial court then advised Appellant of the basis for its decision to try Appellant *in abstentia*, the sentences imposed, Appellant's Megan's Law designation, and the post-verdict and appeal rights Appellant would have had, if the time for exercising them had not expired. *Id.* at 7-13. At that hearing, Appellant asserted he

---

[1] Specifically, at CR-108-2006, the jury found Appellant guilty of ten counts of rape, four counts of involuntary deviate sexual intercourse (IDSI), five counts of statutory sexual assault, two counts of aggravated indecent assault, two counts of indecent assault, four counts of corruption of minors, and one count of terroristic threats; 18, Pa.C.S.A. §§ 3121(c), 3123(b), 3122.1, §3125(7), 3126(a)(7), 6301(a)(1), and 2706(a)(1), respectively. At CR-109-2006 the jury found Appellant guilty of three counts of rape, four counts of statutory sexual assault, five counts of corruption of minors, and one count of terroristic threats. At CR-110-2006 the jury found Appellant guilty of two counts of rape, two counts of IDSI, four counts of statutory sexual assault, five counts of corruption of minors, and one count of terroristic threats.

wanted to appeal because trial counsel provided inadequate representation. *Id.* at 14, 16. In response the trial court advised Appellant, "if you want to challenge the effectiveness of your counsel, the [trial c]ourt will appoint someone to represent you in that regard…." *Id.* at 16. By order entered September 11, 2008, the trial court appointed Thomas Pellish, Esquire to represent Appellant, who entered his appearance that same day.[2]

Attorney Pellish consulted with Appellant and advised him that there were no viable meritorious issues to be raised either on direct appeal or in post-conviction collateral proceedings. N.T., 3/12/15, 41-42. Rather than seek to withdraw, however, Attorney Pellish advised Appellant he would continue to monitor the case in the event any change in the law or new information afforded an avenue for relief. *Id.* at 30, 41. On October 15, 2013, Appellant filed a *pro se* request for transcripts, which the trial court

---

[2] We recognize that a trial court has inherent authority to appoint counsel to represent indigent defendants at any time in the interest of justice. Pa.R.Crim.P. 122(A)(3). However, with respect to Appellant's **right** to counsel, the trial court's appointment of Attorney Pellish was premature. We note "[t]here is no requirement that a PCRA petition be on any particular form." *Commonwealth v. Jerman*, 762 A.2d 366, 368, (Pa. Super. 2000). Instantly, although Appellant orally expressed a desire to challenge the effectiveness of his trial counsel, some form of written petition is nevertheless required to initiate post-conviction collateral relief proceedings. *See* Pa.R.Crim.P. 901. Only upon such a filing is Appellant's rule-based right to appointed counsel triggered. *See id.* at 904(C). Instantly, Attorney Pellish was appointed and entered his appearance in the case when there was no pending matter before the trial court.

denied on October 18, 2013, noting that there was no pending action before it. On October 21, 2013, Appellant filed a demand for appointment of counsel.[3]

On November 11, 2013, Appellant filed a notice of appeal from the October 18, 2013 order denying his request for transcripts. Appellant petitioned this Court for appointment of counsel, which we granted, noting Appellant's filing should have been considered a *pro se* PCRA petition, and directed the PCRA court to appoint counsel. ***Commonwealth v. Rehrig***, 1995 MDA 2013, *Per Curiam* Order, 11/14/13. On November 22, 2013, the PCRA court appointed current counsel to represent Appellant. On May 1, 2014, upon Appellant's request, we discontinued the appeal.[4] ***Id. Per Curiam*** Order, 5/1/14.

On February 18, 2015, Appellant filed a counselled PCRA petition.[5] The PCRA court held a hearing on Appellant's petition on March 12, and

_____

[3] Appellant had initiated complaints of Attorney Pellish's inaction to the Pennsylvania Disciplinary Board, during which inquiry, Attorney Pellish requested Appellant be provided new counsel as he had, for some time since, joined the District Attorney's office. However, Attorney Pellish never petitioned to withdraw his appearance in the case.

[4] On December 2, 2013, the PCRA court had granted Appellant's request for transcripts.

[5] In addition to asserting the applicability of the newly-discovered fact exception to the PCRA timeliness requirement under Section 9545(b)(1)(ii), the petition incorporated by reference numerous claims of trial counsel ineffectiveness raised in an earlier December 5, 2013 *pro se* filing made by
*(Footnote Continued Next Page)*

March 26, 2015, at which Appellant, Attorney Pellish, and Appellant's wife, Janice Horvath testified. On May 5, 2015, the PCRA court filed an opinion and order dismissing Appellant's PCRA petition as untimely. On May 26, 2015, Appellant filed a timely notice of appeal.[6]

On appeal, Appellant raises the following issues for our review.

> [1.] Whether the [PCRA] court committed error when it denied Appellant's post conviction relief as being untimely, where the uncontroverted evidence is that [] Appellant filed his appeal within sixty (60) days of discovering that he had been abandoned by his prior counsel?
>
> [2.] Whether the [PCRA] court committed error when it denied Appellant's post conviction relief, where the evidence established that [A]ppellant's court-appointed counsel failed to diligently pursue a PCRA petition against his trial counsel, thereby denying Appellant the opportunity to be heard on the issue of whether he was denied effective representation by his trial counsel?

Appellant's Brief at 9.

We initially restate our long-established standard of review. "Our standard of review of [an] order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is

*(Footnote Continued)* ———————

Appellant in connection with the withdrawn appeal. *See* PCRA petition, 2/18/15, at 3 ¶¶ 18, 22.

[6] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925. In its Rule 1925(a) opinion filed on June 25, 2015, the PCRA court referenced its May 5, 2015 opinion as containing the basis for its ruling.

supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Melendez-Negron**, 123 A.3d 1087, 1090 (Pa. Super. 2015) (citation omitted). The timeliness of Appellant's petition is our threshold issue "because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition." **Commonwealth v. Cristina**, 114 A.3d 419, 421 (Pa. Super. 2015) (citations omitted), *vacated on other grounds*, --- A.3d ---, 2016 WL 593950 (Pa. 2016). "Under the PCRA, any petition for post-conviction relief… must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies." **Id.**

Appellant first claims his PCRA petition, although concededly filed beyond the one-year filing deadline, is subject to the newly-discovered fact exception under Section 9545(b)(1)(ii).[7] Appellant's Brief at 16-17. Specifically, citing **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007) for the proposition that abandonment of counsel can be a newly-discovered

---

[7] For the purpose of this discussion, we deem the date of filing of Appellant's first PCRA petition to be October 15, 2013, when he filed his *pro se* request for transcripts. Appellant concedes this date is facially untimely as his judgment of sentence became final on February 1, 2008, thirty days following the imposition of sentence. **See generally** 42 Pa.C.S.A. § 9545(b)(3). Accordingly, a timely PCRA petition would have been due by February 2, 2009, as February 1, 2009 fell on a Sunday. **See generally id.** § 9545(b)(1); 1 Pa.C.S.A. § 1908.

fact for the purposes of Section 9545(b)(1)(ii), Appellant asserts "[t]he irrefutable evidence is that [Appellant] did file his petition immediately upon discovering that he was abandoned by counsel. As such, [Appellant] meets the timeliness exception under the PCRA." Appellant's Brief at 19.

In **Bennett**, the petitioner had filed a first PCRA petition and was appointed counsel. The PCRA court dismissed the petition and the petitioner appealed. The appeal was dismissed when counsel failed to file a brief. Upon learning of the dismissal of his appeal and counsel's failure to file a brief, the petitioner filed a new PCRA petition seeking reinstatement of his PCRA appeal. Therein, Appellant asserted the abandonment of his counsel constituted an after-discovered fact, which entitled him to application of the exception under Section 9545(b)(1)(ii). On appeal from the denial of his new PCRA petition, our Supreme Court acknowledged prior precedent that held a claim of ineffective assistance of counsel cannot constitute an "after-discovered fact" for the purposes of Section 9545(b)(1)(ii). **Bennett**, **supra** at 1275. However, the **Bennett** Court held the principle did not apply to situations where counsel abandoned the petitioner on appeal, depriving petitioner the review to which he was entitled.[8] **Id.**

---

[8] Furthermore, in **Bennett**, the Court was satisfied Appellant demonstrated due diligence in discovering counsel's abandonment and filed his petition within 60 days of his discovery. **Bennett**, **supra** at 1272 n.11; **see also generally** 42 Pa.C.S.A. § 9545(b)(2).

Instantly, the PCRA court found that counsel did not abandon Appellant, because no appeal or PCRA petition was ever initiated. PCRA Court Opinion, 5/5/15, at 4. "Attorney Pellish reviewed the trial record and advised [Appellant] that there were no grounds on which to appeal or to file a PCRA petition. [Appellant] never specifically asked [Attorney] Pellish to file anything, before or after hearing [Attorney] Pellish's evaluation of his legal status." *Id.* The PCRA court acknowledged that Attorney Pellish did not then withdraw his appearance, but rather told Appellant that he would continue to monitor the case for any change in the law that might afford Appellant relief. The PCRA court noted this fact did not entitle Appellant to any particular action, concluding "[Attorney] Pellish did not abandon Appellant; he could not find anything to do for him." *Id.* We agree.

At the time of Attorney Pellish's appointment, the time for Appellant to file a direct appeal had expired, and his absconding status did not entitle him to an extension. *See Commonwealth v. Doty*, 997 A.2d 1184, 1188 (Pa. Super. 2010) (noting "a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if time for filing has elapsed, he may not file; if it has not, he may") (emphasis omitted, citation omitted). Moreover, as noted *supra* in footnote 1, no PCRA petition had been filed. We conclude the record supports the PCRA court's findings that Attorney Pellish advised Appellant there was no discernable basis for a direct appeal or a PCRA claim. N.T., 3/12/15, at 41-42. Likewise

the record supports the PCRA court's finding that Appellant never specifically requested Attorney Pellish to file anything notwithstanding that advice. *Id.* at 22, 30. Central to the holding in *Bennett* was the fact that a timely appeal from the denial of Bennett's PCRA petition had been filed, triggering his right to representation and review. *Bennett*, *supra* at 1273-1274. Instantly, no filing, activating such a right occurred. Therefore, we conclude that, absent a specific representation from Attorney Pellish that he intended to initiate a PCRA action, or a specific instruction from Appellant for him to do so, Attorney Pellish's inaction in this matter was not abandonment.

Accordingly, Appellant has not pled a newly-discovered fact, entitling him to an exception to the timeliness provisions of the PCRA. Consequently, the PCRA court and this Court are without jurisdiction to review the merits of his PCRA claims.[9] *See Cristina*, *supra*. Therefore, we conclude the PCRA court did not err or abuse its discretion in dismissing Appellant's PCRA petition as untimely. Thus, we affirm the PCRA court's May 5, 2015 order.

Order affirmed.

_____

[9] The PCRA court additionally found that even if Attorney Pellish's inaction constituted an after-discovered fact of attorney abandonment, Appellant failed to establish due diligence in ascertaining said abandonment or that he filed his PCRA petition within 60 days of discovering the same. PCRA Court Opinion, 5/5/15, at 4-5. We also note that Appellant did not present any testimony or evidence relative to his substantive PCRA claims at the May 5, 2015 PCRA hearing. As a result, the PCRA court concluded Appellant "identified no issue that could have been raised … or any viable basis for showing ineffectiveness by counsel at trial. [Appellant's] petition is both untimely and without substance." *Id.* at 5. In light of our disposition, we need not address these issues.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/2016