J-S30026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MESSIAH BURRELL | : | |
| | : | |
| Appellant | : | No. 1483 MDA 2016 |

Appeal from the Judgment of Sentence June 8, 2016
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000598-2015

BEFORE:   SHOGAN, J., RANSOM, J., and MUSMANNO, J.

JUDGMENT ORDER BY RANSOM, J.:                    **FILED JULY 26, 2017**

Appellant, Messiah Burrell, appeals from the judgment of sentence of fifteen to thirty years of incarceration following a jury trial resulting in his conviction for delivery of a controlled substance, possession with intent to deliver, possession of a controlled substance, and possession of drug paraphernalia.[1]  We quash the appeal.

On February 13, 2015, after completing an investigation regarding the sale of heroin, a criminal complaint was filed against Appellant charging him with the above-referenced offenses.  In November 2015, Appellant was released on bail and instructed to appear for jury selection in January of 2016.  Appellant was hospitalized and failed to appear for jury selection and

---

[1] 35 P.S. §§780-113(a)(30), 780-113 (a)(16), 780-113 (a)(32), respectively.

was instructed, to return in February. In February 2016, Appellant appeared as instructed and a jury was selected. However, on March 7, 2016, Appellant failed to appear for trial; a bench warrant was issued; and the trial proceeded in his absence. Following the trial, Appellant was found guilty on all counts. On June 8, 2016, Appellant failed to appear for sentencing. On August 5, 2016, Appellant was arrested in Medford, Oregon and extradited to Lycoming County.

Also relevant to the procedural background of the case, Appellant's counsel filed post-sentence motions on Appellant's behalf, which were denied. Thereafter, Appellant's counsel filed a notice of appeal and a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Appellant purports to raise the following issues for review:

I. Did the lower court err when it denied the Appellant's motion for a new trial after the Commonwealth violated Pa.R.Crim.P. 602 when it failed to prove by a preponderance of the evidence that the Appellant's absence at trial was without good cause?

II. Did the lower court err when it denied the Appellant's motion for a new trial when the Commonwealth failed to prove by a preponderance of the evidence that Appellant's absence at trial was without good cause, thus his trial was held in violation of his due process rights under Article I, Section 8 of the Pennsylvania Constitution and the Sixth Amendment of the United States Constitution?

III. Did the lower court err when it refused to rule on the Appellant's post-sentence motions challenging his

> sentence by holding that the Appellant forfeited his right to be heard by being a fugitive from the law?

> IV. Did the lower court abuse its discretion when it sentence Appellant to a manifestly excessive sentence of fifteen years to thirty years in a state correctional facility for the delivery of a [sic] less than 1 gram of heroin.

> V. Did the lower court violate the Appellant's Eighth [A]mendment right against cruel and unusual punishment when it sentence the Appellant to the statutory maximum available by law of fifteen years to thirty years in a state correctional facility for the delivery of a less than 1 gram of heroin?

Appellant's Brief at 15.

A defendant has an absolute right to be present at his trial. However, it is a right that may be forfeited by a defendant's actions. *Commonwealth v. Wilson*, 712 A.2d 735 (Pa. 1998); *Commonwealth v. Sullens*, 619 A.2d 1349 (Pa. 1992). This Court has held that a trial court may, in its discretion, conduct a trial *in absentia* when the defendant absconds without cause after the trial commences. *Wilson*, 712 A.2d at 737; *see also* Pa.R.Crim.P.602.

Following jury selection, Appellant fled the Commonwealth. In March 2016, he failed to appear for trial, and a warrant was issued for his arrest. He remained a fugitive until August 2016, when he was arrested in Oregon. Thus, the court properly conducted a trial and sentenced Appellant *in absentia*.

Regarding a fugitive's appellate rights, our Supreme Court has stated:

In short, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return; if time for filing has elapsed, he may not file; if it has not, he may.

*Commonwealth v. Doty*, 997 A.2d 1184, 1187 (Pa. Super. 2010) (quoting

*Commonwealth v. Deemer*, 705 A.2d 827, 829 (Pa. 1997)).

Furthermore,

[A] defendant who deliberately chooses to bypass the orderly procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences of his decision. Thus, a defendant who elects to escape from custody forfeits his right to appellate review. It would be unseemly to permit a defendant who has rejected the appellate process in favor of escape to resume his appeal merely because his escape proved unsuccessful.

*Doty*, 997 A.2d at 1187 (internal quotations and citations omitted).

Applying this precedent, we conclude that the post-sentence motions and notice of appeal, filed on behalf of Appellant while he remained a fugitive, are legal nullities. *Id.* Further, Appellant did not return to the court's jurisdiction until almost two months after sentencing, long after the thirty-day appeal period had expired. Pa.R.A.P. 903. Thus, Appellant has forfeited his right to appellate review of all claims raised in the instant appeal. *Doty*, 997 A.2d at 1187.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2017