J-S18007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IBRAHIM ALY | : | |
| | : | No. 1505 EDA 2015 |
| Appellant | | |

Appeal from the Judgment of Sentence April 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006077-2013

BEFORE:   PANELLA, J., SOLANO, J., and FITZGERALD[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 01, 2017**

Appellant, Ibrahim Aly, appeals from the judgment of sentence entered by the Honorable Diana Anhalt of the Philadelphia Court of Common Pleas following a probation violation hearing. We quash.

The relevant factual and procedural history is as follows. On September 12, 2013, Appellant was convicted of theft[1] and receiving stolen property.[2] Following his conviction, the trial court sentenced Appellant to time served to twenty-three months' incarceration, with a concurrent two-year probationary period. Appellant was immediately paroled, and as a condition of his

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3921(a).

[2] 18 Pa.C.S.A. § 3925(a).

probation, was required to comply with mental health treatment and drug testing.

A year later, after refusing to comply with mental health treatment and testing positive for marijuana, Appellant absconded from supervision. The probation department notified Appellant of his alleged probation violations and issued an absconder warrant for his arrest. Appellant was apprehended on the warrant in the spring of 2015.

The trial court held a probation violation hearing on April 21, 2015. The court found Appellant guilty of violating the conditions of his probation, and sentenced him to serve his back time, with immediate parole and a concurrent two-year probationary period.

Following the revocation hearing, Appellant filed a timely *pro se* motion for reconsideration. Subsequently, on May 11, 2015, Appellant, once again, absconded from probation supervision. The trial court issued a bench warrant on May 15, 2015. On May 21, 2015, Appellant filed a *pro se* notice of appeal. Appellant was not apprehended until November 22, 2016.

On appeal, Appellant argues the Commonwealth provided insufficient evidence at his probation revocation hearing to establish he violated the terms of his probation. Prior to addressing Appellant's issue on the merits, we must first address the Commonwealth's claim we should quash Appellant's appeal due to Appellant's fugitive status during the pendency of the appeal.

A defendant's fugitive status affects his appellate rights. ***See***, ***e.g.***, ***Commonwealth v. Doty***, 997 A.2d 1184, 1187 (Pa. Super. 2010) ("[A]

defendant who is a fugitive from justice during the appellate process may forfeit the right to appellate review.")

Our Supreme Court, in **Commonwealth v. Deemer**, 705 A.2d 827 (Pa. 1997), set forth the framework necessary to determine whether a defendant's fugitive status results in a waiver of his appellate rights:

> If [the defendant] became a fugitive between post-trial motions and an appeal and he returns before the time for appeal has expired and files an appeal, he should be allowed to appeal. If he returns after the time for filing an appeal has elapsed, his request to file an appeal should be denied. If he becomes a fugitive after an appeal has been filed, his appeal should be decided and any fugitive status should be addressed separately. In short, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if time for filing has elapsed, he may not file; if it has not, he may.

**Id**., at 829 (footnote omitted).

Here, Appellant became a fugitive between the filing of his post-trial motions and the filing of his appeal. Appellant was not apprehended until November 22, 2016—over a year *after* his appellate rights had lapsed. Further, Appellant's filing of a *pro se* notice of appeal during the appeal period did not preserve his appellate rights. He filed the notice of appeal while being a fugitive from justice. Appellant was unable to lawfully exercise his appellate rights while simultaneously refusing to submit to the court's jurisdiction during the appeal period. **See Doty**, 997 A.2d at 1189 (holding that appellant's counsel's filing of a notice of appeal during the appeal period did not preserve appellant's rights where appellant remained a fugitive from justice). **See also Commonwealth v. Hunter**, 952 A.2d 1177, 1178 (Pa. Super. 2008)

(concluding that because appellant remained a fugitive from the time of his scheduled sentencing until after his counsel had filed an appeal and the appeal deadline passed, he is not entitled to pursue an appeal).

Accordingly, we find Appellant has "forfeited his right to appellate review of all claims raised in the instant appeal[.]" ***Doty***, 997 A.2d at 1189.

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2017