J-S64028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD MINES | : | |
| | : | |
| Appellant | : | No. 1689 EDA 2017 |

Appeal from the PCRA Order April 17, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005941-2013

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.: **FILED NOVEMBER 09, 2018**

Appellant, Donald Mines, appeals *pro se* from the April 17, 2017 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On April 16 and 17, 2013, Philadelphia police observed Appellant selling drugs to several individuals at a residence, including an undercover police officer. Police obtained a search warrant and searched the residence. They found a handgun with an obliterated serial number. Appellant was released on bail and fled before the second day of trial. He was tried *in absentia* and convicted of possession with intent to deliver a controlled substance,[1]

_____

[1] 35 P.S. § 780-113(a)(30).

conspiracy to possess with intent to deliver a controlled substance,[2] possession of a firearm by a prohibited person,[3] and possessing a firearm with an altered serial number.[4] On March 18, 2016, the trial court sentenced Appellant, *in absentia*, to an aggregate term of 15 to 40 years' imprisonment. Appellant was not apprehended until after the time for appealing his judgment of sentence had expired and his trial counsel did not file a post-sentence motion or notice of appeal on his behalf.

On November 1, 2016, Appellant filed a *pro se* PCRA petition. Counsel was appointed. Counsel moved to withdraw and filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court issued notice of its intent to dismiss Appellant's petition without an evidentiary hearing and Appellant filed a response thereto. **See** Pa.R.Crim.P. 907. On April 17, 2017, the PCRA court granted counsel's motion to withdraw and dismissed Appellant's PCRA petition. This timely appeal followed.[5]

---

[2] 18 Pa.C.S.A. § 903, 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S.A. § 6105(a)(1).

[4] 18 Pa.C.S.A. § 6110.2(a).

[5] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b).

Appellant presents one issue for our review:

Did the [PCRA c]ourt err in dismissing [Appellant's petition] without a hearing when [Appellant did] not lose the entitlement to appellate [review while a fugitive from justice]?

Appellant's Brief at 4.

In his lone issue, Appellant argues that his trial counsel was ineffective for failing to file a notice of appeal.[6]  "When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Jordan*, 182 A.3d 1046, 1049 (Pa. Super. 2018) (citation omitted).  Appellant's lone issue relates to his trial counsel's alleged ineffectiveness.

"[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel.  This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Simpson*, 112 A.3d

_____

[6] In the argument section of his brief, Appellant also argues that trial counsel was ineffective for failing to file a suppression motion.  This argument is waived.  *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").  Moreover, even if Appellant preserved that issue he would not be entitled to relief.  An undercover police officer purchased narcotics from an occupant of the residence.  *See* Commonwealth's Exhibit 11, at 2.  Hence, there was probable cause for the search warrant and Appellant's underlying claim lacks arguable merit.

1194, 1197 (Pa. 2015) (cleaned up). "Counsel is presumed to have been effective." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017). To prevail on an ineffective assistance of counsel claim, a "petitioner must plead and prove that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Johnson*, 179 A.3d 1153, 1158 (Pa. Super. 2018) (citation omitted). "A petitioner's failure to satisfy any prong of this test is fatal to the claim." *Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018) (citation omitted).

Appellant failed to satisfy the third prong of the test for ineffective assistance of counsel, *i.e.*, that he would have been entitled to appellate review if his trial counsel had filed a notice of appeal. This Court has held that when a defendant's counsel files a timely notice of appeal, but the defendant is a fugitive from justice for the entirety of the 30-day appeal period, the defendant forfeits his right to appellate review of the judgment of sentence. *Commonwealth v. Doty*, 997 A.2d 1184, 1186–1189 (Pa. Super. 2010). Appellant was a fugitive from justice for the entire 30-day appeal period. Hence, even if his trial counsel had filed a timely notice of appeal he would

not have been entitled to appellate review of his judgment of sentence.[7]

Accordingly, the PCRA court properly dismissed Appellant's PCRA petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/9/18</u>

---

[7] Appellant also states in a conclusory manner that trial counsel was ineffective for failing to file a post-sentence motion. He fails to explain, however, what relief counsel should have sought in the post-sentence motion or why he would have been entitled to relief. Hence, this argument is waived. **See** Pa.R.A.P. 2119(a). Moreover, even if Appellant had preserved this issue he would not be entitled to relief. **See Commonwealth v. Kindler**, 722 A.2d 143, 147 (Pa. 1998) (citation omitted) (dismissal of a post-sentence motion is appropriate when a defendant is a fugitive from justice).