J-S04004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
        :               PENNSYLVANIA
        :
      v.            :
        :
        :
CARL WELLS          :
        :
      Appellant    :    No. 1174 EDA 2023

Appeal from the Judgment of Sentence Entered May 3, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006857-2017

BEFORE:  BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY BOWES, J.:             **FILED MARCH 27, 2024**

Carl Wells, through his counsel, has filed a notice of appeal from his judgment of sentence imposed upon his conviction *in absentia* for aggravated assault.  Since Appellant forfeited his appellate rights by remaining a fugitive throughout the thirty-day appeal period, we quash.

The pertinent history of this case is as follows.  On July 25, 2017, Appellant stabbed his brother and fled the scene.  He was arrested, charged with aggravated assault, released on bail, and scheduled for a jury trial which ultimately began on December 6, 2022.[1]  On the second day of trial, the court opted to break for lunch between the closing arguments and the jury charge.  Appellant did not return for the afternoon session, but informed his counsel

---

[1] Bail was revoked in November 2020, and a bench warrant issued.  The warrant was lifted in March 2022 and bail increased.

that his wife was having health concerns. The court instructed the jury to return the following day and ordered the Commonwealth to perform an *absentia* check of jails and morgues.

Appellant did not appear the following morning. Counsel explained that he had contacted her that morning, indicated that he was at the hospital with his wife and would not leave until she was out of surgery, and asked to delay the resumption of trial until the afternoon. At counsel's request, Appellant texted photographs "purporting to show [him] with a mask on and his wife with . . . what purported to be some sort of a hospital wrist bracelet," but Appellant supplied no indication as to which medical facility was involved. **See** N.T. Trial, 12/8/22, at 48. Nor did the police detective's inquiries of local hospitals concerning Appellant and his wife reveal his location. Deeming Appellant's absence willful and his communications "gam[ing] the [c]ourt," the trial court declined to delay the proceedings further and waived Appellant's presence for the jury instructions.[2] **Id**. at 71. It issued a bench warrant while the jury deliberated, but Appellant was not found before the jury returned a

_____

[2] **See** Pa.R.Crim.P. 602(A) ("The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence. . . . The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.").

guilty verdict. The trial court revoked Appellant's bail and ordered a presentence investigation.[3]

Appellant's sentencing hearing took place on May 3, 2023, approximately five months later, after being continued due to Appellant's failure to appear. Appellant's wife and assault-victim brother appeared, but Appellant did not. A detective indicated that a check of the police database confirmed that Appellant was not in custody, calls to the medical examiner's office and an extensive list of hospitals also yielded negative results, and the occupants of his purported address indicated that he did not reside there. *See* N.T. Sentencing, 5/3/23, at 6. Since Appellant's whereabouts remained unknown and all indications were that it was his voluntary choice not to appear, the court proceeded with sentencing.

Appellant's wife offered testimony on his behalf. During cross-examination and questioning by the court, she stated that Appellant was aware of the sentencing hearing, knew she planned to attend, and was advised by her and his pastor to turn himself in, but did not because he was afraid of going to prison. *Id*. at 24-26. In communicating with her through a third party, Appellant never revealed his location to her because he did not want to implicate her in obstruction of justice. *Id*. at 23. Ultimately, the court

_____

[3] Appellant remained in bench warrant status for the duration of the trial court proceedings. Nonetheless, he was reportedly arrested in connection with another case between trial and sentencing but released on bail. *See* N.T. Sentencing, 5/3/23, at 8.

sentenced Appellant *in absentia* to the statutory maximum of ten to twenty years of imprisonment.

Counsel filed a timely notice of appeal on Appellant's behalf. The trial court did not order the filing of a Pa.R.A.P. 1925(b) statement and none was filed. The trial court supplied a Pa.R.A.P. 1925(a) opinion observing that Appellant's whereabouts remained unknown and suggesting that we quash the appeal due to his forfeiture of his appellate rights. **See** Trial Court Opinion, 8/25/23, at 4-6. The brief filed by Appellant's counsel challenges the trial court's decision to conduct the trial *in absentia* but does not address the viability of the appeal in light of Appellant's fugitive status. **See generally** Appellant's brief. The Commonwealth agrees with the trial court that this appeal should be quashed based upon Appellant remaining a fugitive. **See** Commonwealth's brief at 9.

Our Supreme Court has observed that the Pennsylvania Constitution, "unlike the federal Constitution, guarantees the right to appeal." **Commonwealth v. Adams**, 200 A.3d 944, 953 (Pa. 2019). Specifically, Article V, § 9, "Right of Appeal," provides as follows:

> There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

Pa. Const. Art. V, § 9. Nonetheless, the right to appeal is not absolute. Our Supreme Court explained:

> While the right to appeal is unquestionably a significant right, nevertheless, our Constitution only guarantees our citizens be afforded the **opportunity** to exercise such right:  The right to appeal is conditioned upon compliance with the procedures established by this Court, and a defendant who deliberately chooses to bypass the orderly procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences of his decision.   The judiciary has created procedures and rules to allow the orderly functioning of a system of adjudication for determining individual rights and to effect justice.  Those who flout their day in court, and who voluntarily, willfully, and purposefully flee from a court's jurisdiction, are acting in contravention of their constitutional rights and the very system set up to vindicate such rights.

*Adams*, 200 A.3d at 953 (cleaned up, emphasis in original).  Accordingly, "a defendant's status during the [thirty]-day appeal period controls whether an appellate court will hear his appeal."  *Commonwealth v. Doty*, 997 A.2d 1184, 1188 (Pa.Super. 2010).  "[A] fugitive who returns to court . . . take[s] the system of criminal justice as he finds it upon his return:  if time for filing has elapsed, he may not file; if it has not, he may."  *Id*. (cleaned up).  In other words, a defendant who "flagrantly and deliberately bypassed the entire judicial process" by absconding and not returning within the appeal window is deemed to have "eschewed his right to appeal[.]"  *Adams*, 200 A.3d at 953.

Here, it is undisputed that Appellant absconded during his trial and remained a fugitive beyond the thirty-day timeframe for appealing his judgment of sentence.   By willfully avoiding established judicial processes, he has forfeited his right to appeal to this Court.  *Accord id*., 200 A.3d at 955 (holding defendant forfeited his right to a direct appeal, regardless of counsel filing a timely notice of appeal and appellate brief, where he "absconded prior

to trial, during sentencing, during post-trial motions, and during the [thirty]-day notice of appeal period"). Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/27/2024