J. S44005/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                           :              PENNSYLVANIA
            v.            :
                           :
ISMAEL LOPEZ,               :          No. 2649 EDA 2015
                           :
           Appellant     :


Appeal from the PCRA Order, August 28, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0007646-2007


BEFORE: FORD ELLIOTT, P.J.E., STABILE AND MUSMANNO, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 13, 2016**

    Ismael Lopez appeals from the August 28, 2015 order of the Court of

Common Pleas of Philadelphia County denying his first petition pursuant to

the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, on the

grounds that his petition was untimely. We affirm.

    The PCRA court provided the following procedural history:

> On June 11, 2008, following a jury trial before
> this Court, [appellant] was convicted of possession
> with intent to deliver a controlled substance and
> criminal conspiracy.[Footnote 2] That same day, he
> was sentenced to the mandatory minimum sentence
> of not less than five nor more than ten years in
> prison.[Footnote 3] At [appellant's] request, his
> sentence was stayed until July 3, 2008, so that
> [appellant] could get his affairs in order.[Footnote 4]
> When [appellant] failed to show up on July 3, a
> bench warrant was issued. On July 9, 2008,
> [appellant's] sentence was vacated, and a new
> sentence of ten to twenty years was imposed,

consistent with [appellant's] agreement. On December 29, 2008, following a bench warrant hearing, [appellant] was taken into custody to begin serving his 10 to 20 year sentence.[Footnote 5]

> [Footnote 2]:  35 Pa.C.S. § 780-113(a)(30), 18 Pa.C.S. § 903(a)(1).

> [Footnote 3]:  As to the charge of criminal conspiracy, [appellant] was sentenced to a term of not less than five, nor more than ten years in prison, to run concurrently.

> [Footnote 4]:  At that time, this Court discussed with [appellant] the consequences of his failing to appear and, after further discussion, [appellant] agreed that if he failed to surrender on July 3, 2008, his sentence could be modified to ten to twenty years in prison.

> [Footnote 5]:  By this time, the Court had lost jurisdiction to modify the sentence imposed on July 9, 2008.  42 Pa.C.S. § 5505.

On July 2, 2010, [appellant] filed an untimely *pro se* petition pursuant to the Post-Conviction Relief Act (PCRA).  On March 2, 2011, PCRA counsel was appointed, and filed a *Finley*[Footnote 7] letter on June 10, 2011.  On June 28, 2011, following an independent review of the record, this Court notified [appellant] of its intent to deny and dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 (907 Notice).  [Appellant] responded to this Court's 907 Notice on July 18, 2011, alleging that PCRA counsel was ineffective for failing to file an amended petition asserting claims of:  1) newly discovered evidence in the form of two witnesses, and 2) governmental interference which caused [appellant] to miss the PCRA filing deadline. [Appellant's] PCRA petition was nonetheless dismissed as untimely on August 8, 2011, and counsel's request to withdraw was granted.

[Footnote 7]: ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) [(***en banc***)].

On September 8, 2011, [appellant] filed a timely notice of appeal to the Superior Court. This Court filed an Opinion pursuant to Pa.R.A.P. 1925(a), in which this Court advised the Superior Court that it had erred in allowing counsel to withdraw without ensuring that he had fully investigated [appellant's] belated newly discovered evidence and governmental interference claims, and requested that the Superior Court remand the case for further proceedings. On December 7, 2012, the Superior Court agreed, and vacated the dismissal of [appellant's] PCRA petition, remanding it to this Court for further proceedings regarding the PCRA petition and appointment of new counsel. On February 11, 2013, new counsel was appointed, and filed an amended petition on December 4, 2014. The Commonwealth filed a motion to dismiss on March 18, 2015. PCRA counsel responded to the Commonwealth's motion to dismiss on April 6, 2015. Having reviewed the record and all filings, this Court sent [appellant] a 907 Notice on April 17, 2015, indicating that it intended to dismiss his petition as untimely. Thereafter, on August 28, 2015, [appellant's] PCRA petition was dismissed consistent with the 907 Notice. This timely appeal followed.

PCRA court opinion, 12/15/15 at 1-3 (footnotes omitted).

Appellant raises the following issue for our review:

Did the trial court err in denying appellant an evidentiary hearing when appellant raised material issues of fact showing that he was abandoned by counsel and was prevented by interference of government officials, in this case the Department of Corrections, from filing his PCRA petition within 13 months after the date of his judgment of sentence and where the trial court agreed that the appellant had a meritorious claim?

Appellant's brief at 2.

PCRA petitions are subject to the following standard of review:

> "[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297, 301 (Pa. 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. *Id.* at 305 (citations omitted). To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9543(a)(2); (2) his claims have not been previously litigated or waived, *id.* § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[.]" *Id.* § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue[.]" *Id.* § 9544(a)(2). "[A]n issue is waived if [appellant] could have raised it but failed to so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." *Id.* § 9544(b).

*Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015). Before we can begin to address appellant's issues on the merits, we must first determine if we have jurisdiction to do so.

A PCRA petitioner has one year from the date his or her judgment of sentence becomes final in which to file a PCRA petition. This court has held the following regarding when a judgment becomes final:

The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or when the time for seeking direct review expires. **See** 42 Pa.C.S.A. § 9545(b)(3). In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing. As this result is not absurd or unreasonable, we may not look for further manifestations of legislative intent. **See Commonwealth v. Hall**, [80 A.3d 1204, 1211 (Pa. 2013)] (internal quotation marks omitted) (We may "look beyond the plain language of the statute only when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution or unreasonable.").

**Commonwealth v. Callahan**, 101 A.3d 118, 122 (Pa.Super. 2014). In cases where the petitioner does not exercise his right to a direct appeal with this court, the judgment of sentence becomes final 30 days after its entry by the trial court.[1]  Pa.R.A.P. 903(a).

The PCRA enumerates several exceptions to its deadline for filing a petition:

> (1)  Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

---

[1] Because appellant was a fugitive from justice, and remained a fugitive from justice, during the period in which a direct appeal could have been filed, he forfeited his right to a direct appeal. **Commonwealth v. Doty**, 997 A.2d 1184, 1189 (Pa.Super. 2010).

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

In the case **sub judice**, appellant forfeited his direct appeal rights; therefore, his judgment of sentence became final on or about August 8, 2008. Accordingly, the deadline for appellant to file a timely PCRA petition was August 10, 2009.[2] Appellant did not file a PCRA petition until July 2, 2010--nearly one year after the deadline to file. We shall now determine if appellant meets any of the time bar exceptions enumerated by the PCRA.

---

[2] August 8, 2009, was a Saturday. Therefore, appellant's filing deadline was extended to the next business day, which was August 10, 2009. **See** 1 Pa.C.S.A. § 1908.

Despite raising only one issue on appeal, appellant is claiming two exceptions to the time bar. First, appellant claims that Gregory J. Pagano, Esq., his initial privately retained PCRA counsel, had "abandoned" him by "not informing [appellant] of counsel's conclusions [that there were no issues of merit in appellant's case] until after the jurisdiction of the trial court under [the] PCRA had lapsed." (Appellant's brief at 8.) Second, appellant avers that because he was transferred to different correctional institutions by the Department of Corrections, he was unable to timely file a *pro se* PCRA petition due to his inability to utilize the prison law libraries or law clinics. (*Id.* at 8-9.)

We shall first address appellant's ineffective assistance of counsel claim as it relates to Attorney Pagano. Our cases explicitly state that "[a]llegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa.Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008), quoting *Commonwealth v. Pollard*, 911 A.2d 1005, 1008 (Pa.Super. 2006); *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005). We, therefore, do not have jurisdiction to consider appellant's untimely petition on the grounds of ineffective assistance of PCRA counsel.

We shall next address appellant's claim of governmental interference. Here, appellant avers that he was "moved by the Department of Corrections [] of the Commonwealth of Pennsylvania [six] times from January 2009 to

[June 28, 2010] to [six] different prisons and was unable because of this to timely file a **_pro se_** PCRA Petition . . . ." (Appellant's brief at 8 (capitalization omitted).)

> In order to meet the statutory requirements of the "governmental interference" exception to the PCRA's one year jurisdictional time-bar, Appellant was required to plead and prove that his "failure to raise the claim [or claims] previously was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States . . . ."

**_Commonwealth v. Chester_**, 895 A.2d 520, 523 (Pa. 2006), quoting 42 Pa.C.S.A. § 9545(b)(1)(i) (emphasis omitted).

In the instant appeal, appellant's entire argument regarding governmental interference is as follows:

> In this case [appellant] was unable to secure use of the prison law libraries or law clinics to file a PCRA Petition because he was moved around so many times by the [Department of Corrections] which prevented him [a]long with the abandonment by counsel from filing his **_pro se_** PCRA petition until [June 28, 2010. Appellant] filed his **_pro se_** PCRA Petition within 60 days of being able to do so.

Appellant's brief at 9 (citation omitted). At no point does appellant allege that either a law of the Commonwealth or United States, or the Constitutions of the Commonwealth or the United States were violated as the result of the Department of Corrections' transferring of appellant to different facilities. In **_Commonwealth v. Albrecht_**, 994 A.2d 1091 (Pa. 2010), the Pennsylvania Supreme Court addressed a similar claim, stating:

Further, appellant claims the restricted incarceration status of capital inmates, including himself, constitutes governmental interference because such restricted status limits the ability of such inmates to prepare *pro se* PCRA petitions. Appellant fails to show any of the conditions of his incarceration were illegal, as required to meet the governmental interference exception to PCRA's timeliness requirement. ***See*** 42 Pa.C.S. § 9545(b)(1)(i) (governmental interference must violate United States or Pennsylvania Constitution or laws). Accordingly, appellant has not sufficiently developed his claim of governmental interference. ***See Commonwealth v. Puksar***, 597 Pa. 240, 951 A.2d 267, 293-94 (2008) (failure to develop claim waives it).

*Id.* at 1095. Accordingly, we find that appellant has not sufficiently pled that the government interfered with his ability to timely file his petition pursuant to the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2016

- 9 -