J-S28036-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER DOTY, | : | |
| | : | |
| Appellant | : | No. 1626 WDA 2016 |

Appeal from the PCRA Order October 17, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001370-2008

BEFORE:  OLSON, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:　　　　　　**FILED JULY 11, 2017**

Christopher Doty (Appellant) appeals from the order entered on October 17, 2016, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court offered the following relevant factual and procedural history of this matter.

> [Appellant] was charged in connection with the April 24, 2008 assault of Kyle Miles, which left Miles with chronic, debilitating injuries.  On January 20, 2009, a jury found [Appellant] and two co-defendants guilty of conspiracy and aggravated assault.  Thereafter, on March 19, 2009, [Appellant] failed to appear at a sentencing hearing.  The trial court sentenced [Appellant], *in absentia*, to an aggregate term of 115 months' to 232 months' incarceration.  The trial court also imposed fees and costs, and further ordered [Appellant] to pay $1,500,000 in restitution.  While [Appellant] remained at-large, his direct appellate counsel filed a timely notice of appeal on April 1, 2009, and, thereafter filed a timely statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Law

---

* Retired Senior Judge assigned to the Superior Court.

enforcement officials eventually apprehended [Appellant] outside the Commonwealth.

On June 9, 2010, a panel of this Court quashed [Appellant's] direct appeal on the basis that he was a fugitive during the thirty-day period in which he was permitted to file a notice of appeal from his judgment of sentence. ***See*** [***Commonwealth v. Doty***, 997 A.2d 1184 (Pa. Super. 2010) (***Doty I***)].

On March 10, 2011, [Appellant] filed his first *pro se* PCRA petition. Counsel was appointed, who then filed an amended PCRA petition. On August 3, 2011, the trial court dismissed [Appellant's] first PCRA petition as untimely.[1] Upon reviewing

---

[1] The PCRA sets forth the following time requirements for filing a PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section

[Appellant's] first PCRA petition, a panel of this Court concluded that, although the PCRA court erred in deeming [Appellant's] first PCRA petition untimely, [Appellant] was still not eligible for relief. **See** [**Commonwealth v Doty**, 48 A.3d 451 (Pa. Super. 2012) (**Doty II**)]. Accordingly, on July 2, 2012, this Court affirmed the PCRA court's dismissal of [Appellant's] first PCRA petition.

On August 6, 2012, [Appellant] filed [his second] PCRA petition. Therein, [Appellant] alleged the discovery of new, exculpatory facts in the form of an affidavit from a witness, Shawn Williams. In relevant part, [Appellant] asserts that Williams' testimony impeaches the identity of one of the Commonwealth's witnesses at trial. [Appellant] also alleges that the Commonwealth committed a **Brady**[**v. Maryland**, 373 U.S. 83 (1963)] violation, because the Commonwealth was aware of Williams' testimony and should have turned it over to the defense. [Appellant] also argues that he was never advised [of or] aware of the disadvantages of knowingly or intelligently waiving his [appellate rights].

On September 28, 2012, the PCRA court ordered the Commonwealth to file a response to [Appellant's] second PCRA petition…. On May 30, 2013, the PCRA court dismissed [Appellant's] second PCRA petition.

**Commonwealth v. Doty**, 97 A.3d 814 (Pa. Super. 2014) (unpublished memorandum at 1-2) (**Doty III**) (some internal citations, quotation marks, and footnotes omitted).

Appellant filed a notice of appeal to this Court, and on appeal we concluded that his August 6, 2012 petition was untimely filed, and he failed

and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545.

to prove an exception to a timeliness requirement of the PCRA pursuant to 42 Pa.C.S. § 9545(b)(1). Thus, we affirmed the dismissal of that petition. *See Doty III*.

On September 9, 2016, Appellant filed the PCRA petition at issue in this case. In that petition, Appellant acknowledged the facial untimeliness of the petition, but asserted it was timely pursuant to 42 Pa.C.S. § 9545(b)(1)(ii), which provides that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." In his petition, Appellant also asserted that he learned the information that formed the basis of the petition on July 7, 2016.[2]

The PCRA court reviewed the petition, and concluded that Appellant "failed to plead or prove application of this exception." Pa.R.Crim.P. 907 Notice, 9/16/2016. Thus, the PCRA court issued a notice of its intent to dismiss the petition without a hearing. Appellant responded, and on October 17, 2016, the PCRA court dismissed Appellant's petition.

On October 24, 2016, Appellant filed a timely notice of appeal. The PCRA court ordered Appellant to file a statement pursuant to Pa.R.A.P. 1925(b). Appellant filed a statement, where he averred for the first time that "on July 7, 2016, [another inmate] advised [Appellant] how to regain

---

[2] While the petition sets forth the PCRA statute and the fact that he has filed his petition within 60 days from learning newly-discovered facts, he does not actually assert what these newly-discovered facts are.

his appellate rights and instructed him to file a PCRA petition for reinstatement of the right to file a direct appeal *nunc pro tunc*." Pa.R.A.P. 1925(b) Statement, 11/15/2016, at ¶ 3. On November 16, 2016, the PCRA court filed an opinion relying on the rationale set forth in its Pa.R.Crim.P. 907 notice.

Before we reach the arguments Appellant sets forth on appeal, we bear in mind that our standard of review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's rulings are supported by the evidence of record and free of legal error. ***Commonwealth v. Brandon***, 51 A.3d 231, 233 (Pa. Super. 2012). Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment of sentence became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3).

"The PCRA's time restrictions are jurisdictional in nature." ***Chester***, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" ***Id***. (quoting ***Commonwealth v. Lambert***, 884 A.2d 848, 851 (Pa. 2005)). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and

our scope of review plenary." ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016).

Appellant acknowledges the facial untimeliness of his petition, but argues that he has proven the newly-discovered facts exception pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). However, Appellant's newly-discovered facts were pled for the first time in his Pa.R.A.P. 1925(b) statement, rather than in his PCRA petition. The PCRA requires specifically that the "**petition** allege[] … the facts upon which the claim is predicated." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added). Moreover, it is well-settled that "inclusion of the issue in his Pa.R.A.P. 1925(b) statement will not save it from being waived because Appellant failed to raise it in the court below, as required by Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.")." ***Commonwealth v. Foster***, 960 A.2d 160, 163 (Pa. Super. 2008). Based on the foregoing, Appellant has neither pled properly nor preserved the basis upon which he relies to satisfy the newly-discovered facts timeliness exception.

Additionally, even if Appellant did not waive the issue, he would not be entitled to relief.

The newly-discovered facts exception

> has two components, which must be alleged and proved.
> Namely, the petitioner must establish that: 1) the facts
> upon which the claim was predicated were unknown and 2)
> could not have been ascertained by the exercise of due

- 6 -

diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

**Brown**, 141 A.3d at 500 (quoting **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (internal quotation marks and citations omitted; emphasis removed)). Appellant's purported newly-discovered fact is that he received legal advice from another inmate. Such an assertion does not satisfy the aforementioned requirements, as it is not evident that this information "could not have been ascertained by the exercise of due diligence." **Id**. Moreover, it is still not clear what type of legal advice Appellant received, and "[o]ur Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts." **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013). Thus, even if it had been properly pled, Appellant would not be able to demonstrate that legal advice he received from another inmate would have entitled him to relief.

Thus, we conclude that the PCRA court's dismissal of Appellant's PCRA petition was proper and, accordingly, we affirm the PCRA court's October 17, 2016 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2017