**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Clarence HUNTER, Appellant.**

Superior Court of Pennsylvania.

Submitted May 19, 2008.

Filed June 17, 2008.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Commonwealth.

BEFORE: ORIE MELVIN, COLVILLE * and FITZGERALD **, JJ.

OPINION BY COLVILLE, J.:

¶ 1 This case is a direct appeal from judgment of sentence. Appellant claims the court erred in denying his presentence motion to withdraw his guilty plea and in imposing an excessive sentence. We quash.

### Facts

¶ 2 Appellant pled guilty to various sex offenses. He did not appear for sentenc-

ing. In March 2007, the court issued a bench warrant and set a new sentencing date. On the new sentencing date, Appellant again did not appear. The court indicated it was going to sentence Appellant *in absentia.*

¶ 3 Prior to imposition of sentence, Appellant's counsel asked the court to impose a sentence as negotiated by the parties or, if the court was not prepared to impose such a sentence, then to list Appellant for a trial date—that is, to withdraw Appellant's plea. Citing Appellant's absence, the court denied counsel's request. The court then imposed sentence.

¶ 4 Appellant's counsel thereafter filed a post-sentence motion to withdraw the plea and/or to modify sentence. The court denied the motion in June 2007.

¶ 5 In July 2007, Appellant's counsel filed this appeal. Appellant was still a fugitive when the appeal was filed. The trial court issued its opinion in October 2007. At some point thereafter, on or about November 1, 2007, Appellant was apprehended.

### Legal Principles

¶ 6 In *Commonwealth v. Jones,* 530 Pa. 536, 610 A.2d 439, 441 (1992), the Pennsylvania Supreme Court articulated the *per se* rule that a defendant irrevocably forfeits the right to appeal by being a fugitive at any time after post-trial proceedings commence. However, the Supreme Court modified that rule in *Commonwealth v. Deemer,* 550 Pa. 290, 705 A.2d 827 (1997). There, the court explained that, despite having lost the right to appeal, a fugitive who returns before the appeal deadline effectively regains the appellate right and may, therefore, file a timely appeal. *See id.* at 829. A fugitive who returns after

---

\* Retired Senior Judge assigned to the Superior Court.

\*\* Former Justice specially assigned to the Superior Court.

the appellate deadline is not entitled to a direct appeal. *Id.*

### Analysis

¶ 7 Appellant was a fugitive from the time of his initially scheduled sentencing until some point after his counsel filed this appeal and after the appeal deadline passed. Appellant is not entitled to pursue this appeal. Therefore, we quash.

¶ 8 Appeal quashed.