J-S82010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MARC D. MOORE :
:
Appellant : No. 1421 EDA 2016

Appeal from the Judgment of Sentence April 21, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000786-2014

BEFORE: LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY LAZARUS, J.: **FILED JANUARY 30, 2019**

Marc D. Moore appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following a jury trial *in absentia*, which resulted in convictions for possession of a controlled substance with intent to deliver[1] and knowing possession of a controlled substance.[2] Upon review, we quash the appeal.

On July 17, 2013, police officers surveilling the 2300 block of West Nicholas Street in Philadelphia saw Moore exchange what appeared to be crack cocaine for money from an unknown individual. The officers subsequently arrested Moore and recovered from his person $221.00 and nineteen packets of what later tested to be crack cocaine.

---

[1] 35 P.S. § 780-113(A30).

[2] 35 P.S. § 780-113(A16).

---

* Retired Senior Judge assigned to the Superior Court.

Moore attended his preliminary hearing on January 21, 2014, *voir dire* on February 10, 2016, and the first day of trial on February 11, 2016. He failed to appear for the second day of trial on February 12, 2016. After waiting until 11:00 AM, the Commonwealth moved to proceed *in absentia*. Officer John Brady testified to calling Moore's known phone numbers, including his most recent home addresses, as well as contacting local hospitals, the medical examiner's office, and state, local, and federal prisons. The Commonwealth entered into evidence a subpoena, signed by Moore, requiring his attendance at trial on February 12, 2016. The court found that Moore had willfully absented himself from trial and allowed the Commonwealth to proceed *in absentia*. On February 16, 2016, the jury found Moore guilty of the aforementioned offenses.

Moore did not appear for his sentencing hearing on April 16, 2016. The Commonwealth presented the testimony of Detective Yusuf Jackson, who searched unsuccessfully for information on Moore's whereabouts by contacting the owners or tenants of Moore's last three known addressees, local hospitals, and local, state, and federal prisons. The court ruled that reasonable efforts had been made to locate Moore and sentenced him *in absentia* to a term of two to four years' incarceration. The instant appeal followed on May 11, 2016, filed on Moore's behalf by the Defender Association of Philadelphia. Moore has yet to be located.

"On direct appeal . . . a defendant's status during the 30-day appeal period controls whether an appellate court will hear his appeal."

- 2 -

*Commonwealth v. Doty*, 997 A.2d 1184, 1189 (Pa. Super. 2010). Moore forfeited his right to direct appeal by absconding during trial, failing to appear during sentencing, and remaining a fugitive during the 30-day period allotted for filing an appeal. *See Commonwealth v. Deemer*, 705 A.2d 827, 829 (Pa. 1997) ("If [a fugitive] returns after the time for filing an appeal has elapsed, his request to file an appeal should be denied. . . . In short, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if time for filing has elapsed, he may not file; if it has not, he may."); *see also Commonwealth v. Adams*, 2019 WL 286560, at *8 (Pa. 2019) (affirming *Deemer* applies, even if counsel timely filed notice of appeal, under circumstances where appellant absconded prior to trial, during sentencing, during-post trial motions and during 30-day period allotted for notice of appeal). We, therefore, quash Moore's appeal. *See Commonwealth v. Hunter*, 952 A.2d 1177, 1178 (Pa. Super 2008) (quashing where fugitive was absent from time of sentencing until being apprehended after appeal deadline passed).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/19