J-S75021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL L. WEIMER | : | |
| | : | |
| Appellant | : | No. 767 WDA 2019 |

Appeal from the Judgment of Sentence Entered April 25, 2019,
in the Court of Common Pleas of Bedford County,
Criminal Division at No(s):  CP-05-SA-0000083-2018.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 10, 2020**

Daniel L. Weimer appeals from the judgment of sentence imposed following his conviction of certain violations of the Vehicle Code, including operating privileges suspended or revoked, general lighting requirements, and restraint systems.[1]  We quash the appeal.

The relevant facts are as follows. On the evening of March 7, 2018, Trooper Matthew David Long was patrolling Highway 26 in Bedford County, Pennsylvania when he came upon a vehicle that was pulling a horse trailer with no functioning taillights.  Trooper Long followed the vehicle until it reached a safe location, and then initiated a traffic stop.  Trooper Long

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 1543, 4303, 4581.

approached the vehicle and noticed that Weimer, the driver, was not wearing his seatbelt. Trooper Long then asked Weimer for his driver's license, registration, and insurance information. Weimer indicated that he was unable to provide any of these documents. Weimer did, however, provide Trooper Long with his full name and date of birth. Trooper Long ran Weimer's personal information through the police database, and discovered that Weimer's driver's license was suspended.

Weimer was charged with driving while operating privileges suspended or revoked, general lighting requirements, and restraint systems. A non-jury trial was scheduled for April 25, 2019. Weimer did not appear for trial. The trial was therefore held *in abstentia*, and the trial court found Weimer guilty of all three offenses. Because Weimer had at least six prior convictions for driving while operating privilege suspended or revoked, the trial court sentenced him to thirty days of incarceration, and a fine of one thousand dollars.[2] The trial court then issued a bench warrant for Weimer's arrest.

Weimer's counsel filed a timely notice of appeal, and both Weimer's counsel and the court complied with Pa.R.A.P. 1925. Significantly, at the time the trial court issued its Rule 1925(a) opinion on July 24, 2019, Weimer

---

[2] Pursuant to 75 Pa.C.S.A. § 6503(a.1), "[a] person convicted of a sixth or subsequent offense under section 1543(a) shall be sentenced to pay a fine of not less than $1,000 and to imprisonment for not less than 30 days but not more than six months."

remained a fugitive, and the bench warrant was still outstanding. Trial Court Opinion, 7/24/2019, at 1.

Weimer raises the following issue for our review:

Whether the evidence was insufficient to sustain the conviction for 75 Pa.C.S.A. § 1543(a), as [Weimer] required no driver's license to operate the vehicle pursuant to 75 Pa.C.S.A. § 1502(5) because the vehicle [Weimer] was driving was registered as an implement of husbandry, which did not require the operator thereof to have a valid driver's license?"

Weimer's Brief at 5.[3]

Prior to analyzing the merits of Weimer's claim, we must first determine whether he forfeited his right to appeal his conviction due to his status as a fugitive throughout the appeal period.

Our Supreme Court has acknowledged that the right to appeal is guaranteed by Article 5, section 9 of the Pennsylvania Constitution. *Commonwealth v. Passaro*, 476 A.2d 346, 348 (Pa. 1984). This constitutional right to appellate review is a personal right that can only be relinquished through a knowing, voluntary, and intelligent waiver. *Id*. "Nevertheless, the right to appeal is conditioned upon compliance with the procedures established by [the Supreme Court], and a defendant who deliberately chooses to bypass the orderly procedures afforded one convicted

---

[3] Pursuant to 75 Pa.C.S.A. § 1502(5), persons 14 years of age or older operating an implement of husbandry are not required to obtain a driver's license.

of a crime for challenging his conviction is bound by the consequences of his decision." *Id*. (citations omitted).

Our Supreme Court has also set forth guidelines to determine when fugitives forfeit their appellate rights:

> [A] fugitive who has returned to the jurisdiction of the court should be allowed to exercise his post-trial rights in the same manner he would have done had he not become a fugitive. If he returns in time for post-trial motions, he should be allowed to file them. If he returns after the time for post-trial motions has expired, his request to file post-trial motions or to reinstate post-trial motions should be denied. If he became a fugitive between post-trial motions and an appeal and he returns before the time for appeal has expired and files an appeal, he should be allowed to appeal. ***If he returns after the time for filing an appeal has elapsed, his request to file an appeal should be denied***. If he becomes a fugitive after an appeal has been filed, his appeal should be decided and any fugitive status should be addressed separately. In short, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if time for filing has elapsed, he may not file; if it has not, he may.

*Commonwealth v. Deemer*, 705 A.2d 827, 829 (Pa. 1997) (emphasis added). Accordingly, a defendant's status during the thirty-day appeal period controls whether this Court will consider his appeal. *Commonwealth v. Doty*, 997 A.2d 1184, 1188 (Pa. Super. 2010).

In this case, the trial court sentenced Weimer *in abstentia* on April 25, 2019. Therefore, Weimer's appeal period elapsed on May 28, 2019.[4] Weimer

---

[4] The thirty-day period elapsed on Saturday, May 25, 2019, and the following Monday was a court holiday (Memorial Day). Therefore, Weimer had until Tuesday, May 28, 2019, in which to file his appeal. ***See*** 1 Pa.C.S.A. § 1908

remained a fugitive throughout the entire time he had for filing an appeal. Indeed, as of July 24, 2019, nearly two months after Weimer's appeal period elapsed, Weimer remained a fugitive, and the warrant for his arrest was still outstanding.

The fact that Weimer's counsel filed this appeal during the thirty-day appeal period is of no moment. In order to retain his appellate rights, Weimer needed to return to the court's jurisdiction before the appeal period elapsed. *See Deemer*, 705 A.2d at 829 (holding that a fugitive who returns to the court's jurisdiction before the appeal deadline has passed retains the right to appellate review, but a fugitive who returns after the appeal deadline has passed may not file an appeal).

Because Weimer remained a fugitive throughout the entirety of the appeal period, he forfeited his right to appellate review of his judgment of sentence. *See Commonwealth v. Hunter*, 952 A.2d 1177 (Pa. Super. 2008) (holding that a defendant who remains a fugitive from the time of sentencing until after the appeal deadline has passed forfeits the right to appellate review). As Weimer forfeited his right to appellate review of his claim, we quash his appeal.

Appeal quashed.

_____

(providing that "[w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

Judge Pellegrini joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2020