J-S28042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANELO SOUZA CAVALCANTE | : | |
| | : | |
| Appellant | : | No. 2531 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 22, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002951-2021

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.:           **FILED OCTOBER 15, 2024**

Danelo Souza Cavalcante ("Cavalcante") appeals from the judgment of sentence imposed following his convictions for first-degree murder and possessing instruments of crime ("PIC").[1]  After careful review, we determine that Cavalcante's appeal is untimely, and therefore quash it.

The trial court summarized the relevant factual history underlying these charges, as follows:

> On April 18, 2021, . . . Schuylkill Police were dispatched to 337 Pawling Road [in] Schuylkill Township, Chester County[,] for a disturbance.  When they arrived at the scene, they found Deborah Brandao [("the victim")] laying in the driveway with numerous stab wounds to her chest.  CPR and other life-saving measures were attempted, but [the victim] was pronounced dead [later] that day.
>
> The victim's seven-year-old daughter was a witness to the stabbing.  She was outside playing with her younger brother when

---

[1] **See** 18 Pa.C.S.A. §§ 2502(a), 907(a).

she saw [Cavalcante], who was her mother's ex-boyfriend, come over and say he was "going to do something bad to their lives." He then pulled out two . . . knives from a black bag, pulled the victim's hair and dragged her to the ground. He climbed on top of her and said he was going to kill [her]. The victim yelled for help[,] and her daughter went to a neighbor's house and told them to call 911. The daughter looked out of the window and saw [Cavalcante] leave in a car. He fled the scene and disposed of his bloody clothing and the kni[ves]. He was caught by police in Virginia that same day. On April 19, 2021, [Cavalcante] confessed to the murder to the police, as well as to several other witnesses. An autopsy performed on the victim showed she was stabbed [thirty-eight] times.

Trial Court Opinion, 2/21/24, at 1.

Thereafter, police charged Cavalcante with numerous crimes; however, he proceeded to trial on the first-degree murder and PIC charges only. Following a three-day trial, a jury found Cavalcante guilty on both charges. On August 22, 2023, the trial court sentenced Cavalcante to life imprisonment for first-degree murder, followed by two-and-one-half to five years' imprisonment for PIC.

On August 31, 2023, while Cavalcante was confined at Chester County Prison and awaiting transfer to a state prison to serve his sentence, he scaled the walls of the prison and escaped confinement. Cavalcante's escape resulted in a regional manhunt that made national headlines while he remained a fugitive from the law. On September 1, 2023, while Cavalcante was a fugitive, his counsel filed a post-sentence motion challenging the sufficiency of the evidence supporting his murder conviction and the discretionary aspects of his sentence. The trial court denied the motion that same day. On September 13, 2023, police captured Cavalcante, returned him

to prison, and charged him with additional crimes, including escape. On September 29, 2023, Cavalcante filed a notice of appeal from his August 22, 2023 judgment of sentence, and both he and the trial court complied with Pa.R.A.P. 1925(b).

Cavalcante raises the following issues for our review:

1. Did the trial court abuse its discretion in admitting evidence regarding [an] alleged incident dated June 26, 2020?

2. Did the trial court abuse its discretion in admitting evidence regarding [an] alleged incident dated December 24, 2020?

3. Did the trial court abuse its discretion at sentencing by improperly considering [that Cavalcante] exercised his right to a jury trial?

4. Did the trial court abuse its discretion by imposing a sentence exceeding the aggravated range without stating adequate reasons?

Cavalcante's Brief at 4 (unnecessary capitalization omitted).

Before we may address the merits of Cavalcante's issues, we must preliminarily determine whether we have jurisdiction over this appeal. Pursuant to our appellate rules, an appellant seeking to invoke this Court's jurisdiction must file a notice of appeal within thirty days after the entry of the order from which the appeal is taken. *See* Pa.R.A.P. 903(a). Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal. *See Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. *See id*. Moreover, where there is

a question as to whether this Court has jurisdiction to entertain the appeal, we may raise the matter *sua sponte*. **See id**.

In the context of a criminal proceeding where, as here, the case has proceeded through the sentencing phase, the appeal lies from the entry of the judgment of sentence. **See Commonwealth v. Borrero**, 692 A.2d 158, 159 (Pa. Super. 1997). However, the filing of a timely post-sentence motion may extend the time in which to file a notice of appeal. With respect to an original sentence, the filing of a post-sentence motion within ten days of the entry of judgment extends the start of the thirty-day period in which a notice of appeal must be filed until an order has been entered deciding the post-sentence motion. **See** Pa.R.Crim.P. 720(A)(1) (providing that a written post-sentence motion shall be filed no later than ten days after the imposition of sentence); **see also** Pa.R.Crim.P. 720(A)(2)(a) (providing that, if the defendant files a timely post-sentence motion, the notice of appeal shall be filed within thirty days of the entry of the order deciding the post-sentence motion). However, if the defendant does not file a timely post-sentence motion, the notice of appeal must be filed within thirty days of the entry of the judgment of sentence. **See** Pa.R.Crim.P. 720(A)(3); **see also Borrero**, 692 A.2d at 159 (explaining that, when an appellant does not file a timely post-sentence motion, "the judgment of sentence constitutes a final and appealable order for purposes of appellate review and any appeal therefrom must be filed within thirty (30) days of the imposition of sentence").

Notwithstanding the above principles, a defendant who voluntarily escapes from confinement, and deliberately chooses to become a fugitive from justice, may forfeit the right to appellate review. *See Commonwealth v. Passaro*, 476 A.2d 346, 348-49 (Pa. 1984) (holding that the right to appeal is conditioned upon compliance with the procedures established by the Pennsylvania Supreme Court, and a defendant who deliberately chooses to bypass the orderly procedures afforded to one convicted of a crime for challenging his conviction is bound by the consequences of his decision). Relevant to this case, a defendant's fugitive status during the ten-day period in which to file a post-sentence motion and the thirty-day period in which to file a notice of appeal controls whether an appellate court will hear his appeal:

> [If] a fugitive . . . returns in time for post-[sentence] motions, he should be allowed to file them. If he returns after the time for post-[sentence] motions has expired, his request to file post-[sentence] motions or to reinstate post-[sentence] motions should be denied. If he . . . returns before the time for appeal has expired and files an appeal, he should be allowed to appeal. . . . In short, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return . . ..

*Commonwealth v. Deemer*, 705 A.2d 827, 829 (Pa. 1997).

Importantly, the fact that counsel for a defendant has filed a document on his behalf while he was a fugitive from justice is of "no moment," as "a defendant's fugitive status forfeits all rights during the period of fugitivity." *Commonwealth v. Adams*, 200 A.3d 944, 949, 954-55 (Pa. 2019) (reiterating that "counsel's actions to preserve the fugitive's rights are ineffectual"); *see also Commonwealth Doty*, 997 A.2d 1184, 1189 (Pa.

Super. 2010) (finding that the defendant could not resurrect his appellate rights, even though counsel filed a notice of appeal during the appeal period, because defendant failed to return to the court's jurisdiction prior to the expiration of the appeal period); *Commonwealth v. Hunter*, 952 A.2d 1177, 1178 (Pa. Super. 2008) (concluding that because the appellant remained a fugitive from the time of his scheduled sentencing until after his counsel had filed an appeal and the appeal deadline passed, he was not entitled to pursue an appeal).

In this case, the trial court sentenced Cavalcante on August 22, 2023. Therefore, he had ten days, or until September 1, 2023, in which to file a timely post-sentence motion. *See* Pa.R.Crim.P. 720(A)(1). Cavalcante became a fugitive on August 31, 2023, one day prior to the expiration of the time for filing a post-sentence motion. Although Cavalcante's counsel purported to file a post-sentence motion on September 1, 2023, this action was taken while Cavalcante was a fugitive. Thus, counsel's filing was legally ineffectual, and did not operate to toll the thirty-day appeal period. *See Adams*, 200 A.3d at 955 (holding that counsel's actions to preserve a fugitive's rights are ineffectual).

Accordingly, because Cavalcante forfeited his right to file a post-sentence motion due to his fugitivity, he was required to file a notice of appeal within thirty days of the entry of his August 22, 2023 judgment of sentence, or by September 21, 2023. *See* Pa.R.Crim.P. 720(A)(3) (providing that, if the defendant does not file a timely post-sentence motion, the notice of appeal

must be filed within thirty days of the entry of the judgment of sentence); *see also Borrero*, 692 A.2d at 159 (same). Here, although Cavalcante was returned to justice on September 13, 2023, and could have thereafter filed a notice of appeal by the September 21, 2023 appeal deadline, he failed to do so. Thus, his notice of appeal, filed on September 29, 2023, is untimely.

As a result, we are without jurisdiction to address this appeal, and we must quash it.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2024