J-S16014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK ADAMS | : | |
| | : | |
| Appellant | : | No. 1599 EDA 2022 |

Appeal from the PCRA Order Entered June 9, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006821-2012

BEFORE: DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 9, 2023**

Frank Adams ("Appellant") appeals from the June 9, 2022 order entered in the Philadelphia Court of Common Pleas that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

Our Supreme Court set forth the following factual and procedural history, which is relevant to our analysis:

> On May 20, 2012, Appellant Frank Adams and his brother, Nicky Adams, were involved in an altercation with another man [,Mark Kelly, ("Victim")] outside a Philadelphia church; the altercation was eventually broken up by members of the church. [V]ictim went to his car, and was about to leave the scene for home, when Appellant went to his own vehicle, pulled out a tire iron, handed the weapon to his brother, and directed him to strike [V]ictim. Appellant's brother proceeded to [V]ictim's vehicle, and, as [V]ictim leaned out the window to protect his infant nephew who was inside the automobile, Appellant's brother swung the tire iron like a bat against the victim's head, causing a laceration of his scalp. Appellant was arrested and charged with, *inter alia*,

aggravated assault, conspiracy, and recklessly endangering another person.

Appellant was released on bail, but he and his brother failed to appear for his January 9, 2013 trial date in the Philadelphia County Court of Common Pleas. Over nine months later, after having fled to California, Appellant and his brother were brought before the trial judge, who held them in contempt, sentenced them to two weeks imprisonment for that offense, and stressed to them the importance of their obligation to appear for court dates. Appellant and his brother were again released on bail. A trial date was set. This date was critical, as the principal witnesses against Appellant and his brother were to move to Florida within days of the trial. The brothers appeared for court that morning, but, thereafter, left without authorization. While Appellant claimed that his brother had experienced chest pains, there was no corroboration of this exigency, and Appellant ignored his attorney's instructions to return to court. The trial judge deemed Appellant to be willfully absent.

The trial proceeded *in absentia*, and, after four days of hearing, Appellant was convicted of various crimes[, including Aggravated Assault, Conspiracy to Commit Aggravated Assault, Simple Assault, Conspiracy to Commit Simple Assault, Recklessly Endangering Another Person.[1]] Thereafter, when Appellant failed to appear for his sentencing hearing, he was sentenced, *in absentia*, to a term of 10 to 20 years['] incarceration. Appellant remained a fugitive throughout the time for seeking appellate review; however, on March 16, 2016, his attorney filed a notice of appeal within the appeal period on Appellant's behalf, and the trial court directed him to file a Pa.R.A.P. 1925(b) statement. Appellant's attorney raised several assertions of error, including a challenge to the legality of the sentence. The trial court rejected the claims, reasoning that Appellant's fugitive status caused him to forfeit all issues on appeal. Given that Appellant failed to appear for the entirety of his trial as well as his sentencing hearing, and given that he was a fugitive during the entire 30-day appeal period, the trial court found it of no consequence that Appellant's counsel had filed a notice of appeal during the appeal period.

---

[1] 18 Pa.C.S. §§ 2702(a)(1), 903, 2701(a)(2), 903, and 2705, respectively.

After the 30-day appeal period had expired, but prior to the deadline for the filing of Appellant's brief, Appellant was rearrested and returned to custody. Appellant filed an appellate brief, arguing, *inter alia*, that his fugitive status should not cause him to forfeit his right to appeal. Appellant stressed that his absence had not frustrated the appellate process, and he reasserted his substantive claims, including his challenge to the legality of his sentence.

*Commonwealth v. Adams*, 200 A.3d 944, 946–47 (Pa. 2019).

This Court affirmed the trial court's decision that Appellant's fugitive status during the 30-day appeal period caused him to forfeit his right to appeal. *Commonwealth v. Adams*, No. 657 EDA 2015, 2017 WL 1507702 (Pa. Super. 2017) (non-precedential decision).

The Pennsylvania Supreme Court affirmed this Court's decision, holding that Appellant forfeited appellate review, regardless of whether his counsel filed a timely notice of appeal and/or brief in his absence, when he surrendered after the 30-day appeal period had passed. Our High Court explained:

We reiterate that a defendant's fugitive status does not *per se* disqualify him or her from appellate review; however, **when a defendant absconds, and then returns to the court system, he takes the criminal justice system as he finds it.** Under this straight-forward approach, the focus is on the fugitive's conduct, and the timing of his return to the criminal justice system. Moreover, counsel's actions to preserve the fugitive's rights are ineffectual. Thus, for the reasons offered above, regardless of whether counsel has filed a notice of appeal in the fugitive's absence, if the period for filing an appeal has not expired, the fugitive is entitled to file an appeal upon his return; and, **if the time for filing has elapsed, the fugitive no longer enjoys the right to file an appeal.**

*Adams*, 200 A.3d at 955 (emphasis added).

- 3 -

On November 20, 2019, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who proceeded to file an amended PCRA petition and a supplemental PCRA petition raising 1) multiple claims of ineffective assistance of trial counsel and 2) a claim that the trial court imposed an illegal sentence in violation of Section 906 of the Pennsylvania Crimes Code when the court sentenced him to consecutive terms for two inchoate offenses that involve the same criminal elements. Amended PCRA Pet., 3/17/20, at 13-21. Supplemental PCRA Pet., 8/18/20, at 1-4.

The PCRA court scheduled a hearing to hear evidence on two issues raised in Appellant's PCRA petitions, including whether trial counsel was ineffective for 1) advising Appellant not to accept the Commonwealth's guilty plea offer and 2) failing to call a witness, Mr. Valentino Burt, who was available and willing to testify.[2] Order, 6/28/21.

The PCRA court held a hearing on September 24, 2021, to address Appellant's above-mentioned claims of ineffective assistance of counsel. The court heard testimony from Appellant; Mr. Burt, Appellant's proposed witness; and John Konchak, Esq., Appellant's trial counsel.

In sum, Appellant testified that Attorney Konchak told him that the District Attorney's office was offering him a plea deal of "a one to two" and explained that "basically your sentence will be two years but you will be eligible for parole after one." N.T. Hearing, 9/24/21, at 8. Appellant explained

---

[2] On February 16, 2022, the PCRA court issued a Rule 907 notice of intent to dismiss the remaining claims without a hearing.

- 4 -

that he wanted to take the plea deal, but Attorney Konchak advised him "No" and explained that they could "beat the case" or even if Appellant lost the case, he was only facing a term of probation, at most. *Id.*

Appellant further testified that at least 50 people witnessed the fight at the church, including Mr. Burt. *Id.* at 10-12, 39. He also testified that he gave Attorney Konchak contact information for various witnesses, as well as Mr. Burt's name, address, and phone number. *Id.* at 39

Mr. Burt testified that he witnessed the fight between Appellant and Victim. *Id.* at 14. Mr. Burt explained that Victim initiated the fight by punching Appellant in the face, and the fight escalated to both men pulling tools out of the trunks of their vehicles. *Id.* at 15. Mr. Burt testified that he witnessed Victim attempt to hit Appellant in the head with a sledgehammer. *Id.* at 16. Mr. Burt stated that he then observed Appellant's brother grab a bumper jack and throw it at the cab of Victim's truck, which ricocheted off the truck and hit Victim in the head. *Id.* at 17. Mr. Burt explained that everyone got in their vehicles and left the scene; Appellant went to Mr. Burt's house. *Id.* at 21. Mr. Burt stated that he knew Appellant for 15 years, attended his "arrest" hearing, and was willing to testify at this trial. *Id.* at 22-23. However, Mr. Burt testified, Mr. Burt left for California a month after the incident and he and Appellant did not have contact information for each other. *Id.* at 24-27.

Attorney Konchak testified that he advised Appellant not to take the one-to-two-year plea offer from the Commonwealth because Appellant "had an eminently defensible case . . . and [there] was a very good possibility that

- 5 -

this would turn into mutual affray." *Id.* at 64. Attorney Konchak explained that, at the time, he believed that if Appellant was convicted it would be of a simple assault charge which carried a one- to two-year sentence. *Id.* at 65. Attorney Konchak testified that based on the forum and the facts of the case the court would not sentence Appellant to a term of one to two years' incarceration even if he was convicted. *Id.*

Attorney Konchak testified that he asked Appellant to identify and provide contact information from possible witnesses. *Id.* at 71. Attorney Konchak testified that he remembered Mr. Burt's name appearing in the police report, which identified him as the driver of Appellant's brother's vehicle after the incident. *Id.* at 74. Attorney Konchak stated that Appellant never gave him contact information for Mr. Burt, and he had no way of locating him in California. *Id.* at 77. Attorney Konchak explained that even if Mr. Burt were available to testify, his testimony would not have been helpful to his case because it established that Appellant's brother, and codefendant, threw a tire iron in the direction of Victim's vehicle and had "transferred intent" when he struck something other than what he was aiming at. *Id.* at 72-73.

Attorney Konchak recalled that 1) he advised Appellant to waive a jury trial, 2) the waiver colloquy requires an understanding of maximum penalties, and 3) the case was originally scheduled for a bench trial. *Id.* at 80-81. Attorney Konchak testified that under those circumstances, he would have certainly explained to Appellant that he faced a penalty of 10 to 20 years' incarceration prior to requesting the bench trial. *Id.* at 80-81. Attorney

Konchak explained that, because Appellant failed to appear for trial and waive a jury, the court held a jury trial in absentia. *Id.* at 67-68.

On June 9, 2022, after considering all the evidence, the PCRA court dismissed Appellant's PCRA petition.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review.

1. Appellant did not forfeit his appellate rights due to fugitive status.

2. Counsel was ineffective in failing to file a post-trial motion that the verdict was against the weight of the evidence.

3. Counsel was ineffective in failing to investigate and interview witnesses.

4. Counsel was ineffective in failing to call [a] witness [who was] available and willing to testify.

5. Counsel was ineffective in advising Appellant to reject the Commonwealth's guilty plea offer.

6. Counsel was ineffective in failing to preserve issues for appeal.

7. Appellant received an illegal sentence.

Appellant's Br. at 10 (reordered for ease of disposition, some capitalization omitted).

## A.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if the

record contains any support for those findings." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

Notably, "[t]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." ***Commonwealth v. Holt***, 175 A.3d 1014, 1017-18 (Pa. Super. 2017). "To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he or she raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Id.*** at 1018.

Finally, as discussed briefly above, Supreme Court precedent and the law of this case both dictate that Appellant's fugitive status at trial and during his direct appeal period impacts his appellate rights. Generally, the "fugitive forfeiture rule . . . provides that [a] fugitive from justice may not seek relief

from the judicial system whose authority he or she evades." *Adams*, 200 A.3d 944, 950 (Pa. 2019). As stated above, "a defendant's fugitive status does not *per se* disqualify him or her from appellate review; however, when a defendant absconds, and then returns to the court system, he takes the criminal justice system as he finds it." *Id.* at 955. "Moreover, counsel's actions to preserve the fugitive's rights are ineffectual." *Id.* Stated another way, if a fugitive returns after his time for appeal has lapsed, he forfeits appellate review of all issues that could have been raised. *Id.*

This legal concept remains applicable in PCRA proceedings. In *Commonwealth v. Judge*, 797 A.2d 250 (Pa. 2007), our Supreme Court held that an appellant who "forfeited his right to have claims of error adjudicated on direct appeal due to his fugitive status during direct appeal proceedings" also failed to preserve any issues for collateral review where all the assertions in his PCRA petition could have been raised on direct review. *Id.* at 259-60. The Court "refuse[d] to permit [an a]ppellant to resurrect issues that were raised, or which could have been raised and would have been addressed, on direct appeal, had [the a]ppellant demonstrated some kind of respect for the legal process. *Id*. at 260. Indeed, to be eligible for relief under the PCRA, a petitioner must plead and prove that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S. 9543(a)(3). Moreover, the PCRA explicitly states: "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review,

on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). We review Appellant's issues with these legal precepts in mind.

**B.**

On appeal to this court, Appellant raises numerous claims of trial counsel's ineffectiveness. As an initial matter, we must address whether Appellant's fugitive status during his direct appeal period precludes this Court from reviewing these claims on collateral review.[3] Our review of the record reveals that the instant PCRA petition is the first opportunity for Appellant to raise these claims. *See Commonwealth v. Bradley*, 261 A.3d 381, 391 (Pa. 2021) (explaining that, generally, claims of ineffective assistance of trial counsel are properly deferred for PCRA review). Accordingly, we conclude that because Appellant could not raise these claims on direct appeal, he did not forfeit them when he absconded during his appeal period. We will, therefore, proceed to address the merits of Appellant's ineffectiveness claims. However, we review Appellant's claims remaining cognizant of Appellant's fugitive status and its impact on the merits of the claims.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he

---

[3] To the extent that Appellant argues that that fugitive forfeiture rule should not apply to him generally, this argument is waived because this issue was not included in the Pa.R.A.P. 1925(b) statement. Further, discussed above, this issue was addressed on direct appeal and unanimously rejected by our Supreme Court. *See Commonwealth v. Adams*, 200 A.3d 944 (Pa. 2019).

burden of demonstrating ineffectiveness rests on [the] appellant." *Id.* To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Id.*

To establish the prejudice prong, the petitioner must prove a reasonable probability that the outcome of the relevant proceedings would have been different but for counsel's action or inaction. *Commonwealth v. Busanet*, 54 A.3d 35, 46 (Pa. 2012). Importantly, "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Fears*, 86 A.3d at 804.

## C.

In his initial ineffectiveness claim, Appellant avers that trial counsel was ineffective for failing to file a post-trial motion asserting that the verdict was against the weight of the evidence. Appellant's Br. at 34. This claim is meritless.

A weight of the evidence claim must be preserved in a post-sentence motion, by written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607; *Commonwealth v. Rivera*, 238 A.3d 482, 497 (Pa. Super.

2020). Moreover, a written post-sentence motion must be filed within 10 days of the imposition of sentence. Pa.R.Crim.P. 720(A)(1).

Appellant was a fugitive during this time. As stated above, when a defendant absconds, and then returns, he takes the criminal justice system as he finds it. *Adams*, 200 A.3d at 567. Notably, "counsel's actions to preserve the fugitive's rights are ineffectual." *Id.*

As the PCRA court explained, "[b]ecause [Appellant] voluntarily absented himself from the [c]ourt for the entire duration of the period for exercising his post-trial rights, any attempt to exercise those rights would properly have been denied." Trial Ct. Op., 10/4/22, at 5. We agree. Trial counsel's filing of a post-trial motion would not have preserved Appellant's challenge to the weight of the evidence and would not have impacted the outcome of the proceedings. Accordingly, the PCRA could did not abuse its discretion when it denied this claim.

**D.**

Appellant next avers that trial counsel was ineffective in failing to investigate and interview witnesses. Appellant's Br. at 38. In his amended PCRA petition, Appellant averred generally that trial counsel should have interviewed other church members, as well as Victim's sister-in-law, because their eyewitness testimony could have provided additional information. Amended PCRA Pet. at 16-17.

A claim that counsel was ineffective for failing to interview a witness is distinct from a claim that counsel failed to call a witness to testify. ***Commonwealth v. Dennis***, 950 A.2d 945, 960 (Pa. 2008). "The failure to investigate presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation." ***Commonwealth v. Pander***, 100 A.3d 626, 638 (Pa. Super. 2014) (citation and internal quotations marks omitted). Although failure to investigate known witnesses can be "unreasonable *per se*," a showing of prejudice is still required. ***Commonwealth v. Stewart***, 84 A.3d 701, 712 (Pa. Super. 2013). ***See also Dennis***, 950 A.2d at 961 (explaining that the burden lies with a petitioner to plead and prove sufficient prejudice, or that the outcome of the trial would have been different, to establish ineffective assistance of trial counsel for failure to investigate a witness).

Instantly, the PCRA court found that Appellant failed to demonstrate that trial counsel's failure to investigate potential eyewitnesses would have affected the outcome of the trial. The PCRA court opined:

> [Appellant] failed to put forth evidence demonstrating that the failure to investigate the potential witnesses was prejudicial to [him]. [Appellant] simply suggests that the failure to investigate is inherently prejudicial. Thus, as [Appellant] failed to demonstrate a reasonable probability that the outcome of the trial would have been different, [he] has failed to meet his burden.

Trial Ct. Op. at 6. Upon review, we agree that Appellant failed to adequately plead and prove that investigating these witnesses would have changed the

- 13 -

outcome of the trial. The PCRA court's decision to dismiss this claim without a hearing is supported by the record and free of legal error.

**E.**

Appellant next avers that trial counsel was ineffective for failing to call Mr. Burt as a witness during the trial. Appellant's Br. at 41. Appellant argues that Attorney Konchak must have known about Mr. Burt because his name was in the police report. *Id.*

"To prove arguable merit based on trial counsel's failure to call a witness, a PCRA petitioner must show that the witness existed and was available; counsel was aware of, or had a duty to know of the witness; the witness was willing and able to appear; and the proposed testimony was necessary in order to avoid prejudice." *Commonwealth v. Robinson*, 278 A.3d 336, 343 (Pa. Super. 2022) (citation and internal quotation marks omitted). "In this context, prejudice means that the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." *Id.* (citation and internal quotation marks omitted).

Here, the PCRA court found that Mr. Burt existed, was available, and was willing to testify. Trial Ct. Op. at 6. However, the court credited Attorney Konchak's testimony that Appellant never gave him name and contact information for any witnesses and concluded that Appellant failed to demonstrate that Attorney Konchak knew or had a duty to know about the proposed witness, Mr. Burt. The PCRA court opined:

[Appellant] further asserted that he provided counsel with the name and contact information of witness. [N.T. at 39, 40]. However, [Appellant]'s former counsel, [Attorney Konchak], testified that [Appellant] never supplied him with the names or identities of any witnesses. *Id.* at 77 []. Without this information, [Attorney Konchak] claimed he could not properly investigate any relevant witnesses. *Id.* [Appellant] countered this claim, stating that [Mr. Burt] was mentioned multiple times at trial, and therefore counsel should have known about the existence of this witness. *Id.* at 74 []. However, the mere mention of [Mr. Burt] at trial does not demonstrate that [Attorney Konchak] knew or should have known of [the] existence of this witness prior to trial. Anything learned during the actual trial would not impact [Attorney Konchak]'s ability to call witnesses, because [Attorney Konchak] would need to have known about this information at an earlier stage of the proceeding. Having observed [Attorney Konchak] and [Appellant], this [c]ourt finds that [Attorney Konchak] was very credible, and [Appellant] was not. Therefore, [Appellant] has failed to satisfy this prong of the [] test, and accordingly, has failed to demonstrate that counsel was ineffective for failing to call an available witness.

Trial Ct. Op. at 6-7.

Appellant's argument that Attorney Konchak must have known about Mr. Burt because his name appeared in the police report is unpersuasive. The police report indicated that Mr. Burt was the driver of the vehicle when police arrested Appellant's brother at a different location. *See* N.T. at 73-74. This does not demonstrate that counsel knew Mr. Burt was a witness to the incident who could offer exculpatory testimony.

Finally, even if Attorney Konchak had known that Mr. Burt witnessed the incident, he had a reasonable basis for not calling him as a witness. Attorney Konchak explained that even if he knew about Mr. Burt, his testimony would not have been helpful to his case because it established that Appellant's brother, and codefendant, threw a tire iron in the direction of the victim's

vehicle and had "transferred intent" when he struck something other than what he was aiming at. *Id.* at 72-73. For all the above reasons, the trial court did not abuse its discretion when it denied Appellant's claim that trial counsel was ineffective for failing to call Mr. Burt as a witness.

**F.**

Appellant next avers that trial counsel was ineffective in advising him to reject the Commonwealth's guilty plea offer of one to two years' incarceration, causing him to proceed to trial *in absentia* and to ultimately receive an aggregate sentence of 10 to 20 years' incarceration.[4] Appellant's Br. at 45.

The PCRA found that Attorney Konchak had a reasonable basis to advise Appellant to reject the Commonwealth's plea deal. The court credited Attorney Konchak's testimony that he considered the nature of Appellant's charges and Appellant's clean prior record when he advised Appellant that the court would likely sentence him to a term of probation rather than incarceration, and that his advice was accurate at the time. Trial Ct. Op. at 8. Moreover, the PCRA court emphasized that Attorney Konchak "had no reason to believe that [Appellant] would flee, and thus did not factor that in

---

[4] To support his averment, Appellant primarily argues, for the first time on appeal, that Attorney Konchak failed to advise him of his maximum sentencing exposure of 20 years, causing him to decline the Commonwealth's plea offer and proceed to trial. *Id.* Appellant acknowledges that the PCRA did not address this claim, but fails to acknowledge that he did not raise this argument in his PCRA petition or his Rule 1925(b) statement. This argument is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

when advising [Appellant] to reject the plea offer." **Id.** The record supports the PCRA court's findings, and we discern no legal error.

**G.**

In his sixth issue, Appellant avers that trial counsel was ineffective for failing to preserve issues for appeal. Appellant's Br. at 32.

Appellant first asserts that trial counsel was ineffective for failing to object to the trial "court's decision to overrule [Appellant]'s objection to the prosecutor's pronouncement that the victim's head wound constituted serious bodily injury because it required staples rather than stitches[.]" **Id.** at 32. Appellant argues that by failing to object to the overruling and requesting a jury instruction, the issue was not preserved and caused Appellant prejudice. Appellant's Br. at 33. This argument fails.

Our review of the Notes of Testimony from Appellant's trial indicates that Appellant **did** raise an initial objection, which the court overruled. N.T. Trial, 6/11/14, at 155-160. Further objection was not necessary to preserve the issue for appeal. **See Commonwealth v. McGeth**, 622 A.2d 940, 943 (Pa. Super. 1993) (holding that "when an objection is overruled, failing to request curative instructions or a mistrial does not result in waiver.").[5]

---

[5] Appellant also argues that trial counsel was ineffective for failing to object to the trial court's "instruction that the jury could find [Appellant] guilty of Aggravated Assault but are not required to due to finding [Appellant] guilty of conspiracy or accomplice liability." Appellant's Br. at 32. To support this confusing assertion, Appellant makes a two-paragraph argument where he fails to explain what was incorrect about the trial court's jury instruction or

*(Footnote Continued Next Page)*

Moreover, Appellant forfeited his right to raise this issue on direct appeal when he absconded and, therefore, generally cannot be prejudiced by counsel's failure to preserve issues for appeal. Accordingly, the PCRA court did not err in denying this ineffectiveness claim.

**H.**

In his seventh issue, Appellant avers that the trial court imposed an illegal sentence. Appellant's Br. at 51. It is well settled that "challenges to the legality of the sentence are never waived." *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005). However, this Court has acknowledged a "legal distinction between **waiver** and **forfeiture**." *Commonwealth v. Doty*, 997 A.2d 1184, 1188 (Pa. Super. 2010) ("*Doty I*") (emphasis in original). In *Doty I*, the appellant absconded during his 30-day appeal period and this court held that the appellant's "challenge to the legality of his sentence, while not waivable, was forfeited through his extremely serious misconduct [*i.e.* fugitive status] during his direct appeal." *Id.* at 1189 (internal quotation marks omitted). In *Commonwealth v. Doty*, 48 A.3d 451 (Pa. Super. 2012) ("*Doty II*"), this Court found that the same appellant from *Doty I*—who forfeited his illegal sentence claim due to his fugitive status

---

demonstrate how the instruction prejudiced him. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). As Appellant has failed to demonstrate that his claim has arguable merit or caused him to be prejudiced, it fails to garner him relief.

- 18 -

during his direct appeal period—likewise forfeited any illegal sentence claims on collateral review.  *Id.* at 457.

On direct appeal in the instant case, our Supreme Court employed the same legal reasoning as **Doty I**, recognized the "critical distinction between waiver and forfeiture," and held that Appellant forfeited appellate review of all his issues on direct appeal, including any illegal sentence claims.  **Adams**, 200 A.3d at 953.  Accordingly, pursuant to **Doty II** and **Adams**, we conclude that Appellant has forfeited review of his illegal sentencing claims on PCRA review.

## I.

In conclusion, the PCRA court's decision to deny PCRA relief is supported by the evidence of record and free of legal error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2023